1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Shelley L. Murray, Bar No. 327300
   smurray@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone: 619.232.0441
5  Fax No.:    619.232.4302

6  Attorneys for Defendants
   GREYHOUND LINES, INC.
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10 FERNANDO OCHOA              Case No.   2:21-cv-02038
   ASTUDILLO, an individual,
11
                Plaintiff,
12                             **NOTICE TO FEDERAL COURT OF
        v.                     REMOVAL OF CIVIL ACTION
13                             FROM STATE COURT PURSUANT
   GREYHOUND LINES,INC., a     TO 28 U.S.C. SECTIONS 1332, 1441,
14 Delaware corporation; CLAUDIO   AND 1446**
   ARRIOLA, an individual; and
15 DOES 1 through 20, inclusive,   *[Filed concurrently with the, Notice of
                                   Interested Parties and Civil Case Cover
16              Defendants.        Sheet]*

17                             Complaint Filed:     May 7, 2020
                               Trial Date:     N/A
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINITFF FERNANDO OCHOA ASTUDILLO AND HIS ATTTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Greyhound Lines, Inc. ("Greyhound" or "Defendant") hereby removes the above-entitled action, Case No. 20STCV17492, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

Defendant makes the following allegations in support of its Notice of Removal:

**JURISDICTION [LOCAL RULE 8-1]**

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states."

2. As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(1)(2), 1391, and 1446.

**PLEADINGS, PROCESS, AND ORDERS**

4. This lawsuit arises out of Plaintiff FERNANDO OCHOA ASTUDILLO's ("Plaintiff") employment with Defendant. On May 7, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *FERNANDO OCHOA ASTUDILLO v. GREYHOUND LINES, INC., a Delaware corporation; Claudio Arriola, an individual; and DOES 1 through 20, inclusive,*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

2.

NOTICE OF REMOVAL

1  bearing Case No. 20STCV17492 (the "Complaint"). The Complaint asserts the

2  following thirteen (13) causes of action:  (1) Discrimination in violation of Gov't Code

3  §§12940, *et seq.*; (2) Harassment in violation of Gov't Code §§12940, *et seq.*; (3)

4  Retaliation in violation of Gov't Code §§12940, *et seq.*; (4) Failure to prevent

5  discrimination, harassment, and retaliation in violation of Gov't Code §12940(k); (5)

6  Retaliation in violation of Gov't Code §§12945.2, *et seq.*; (6) Failure to provide

7  reasonable accommodations in violation of Gov't Code §§12940, *et seq.*; (7) Failure to

8  engage in a good faith interactive process in violation of Gov't Code §§12940, *et seq.*;

9  (8) Declaratory judgment; (9) Wrongful termination in violation of public policy; (10)

10  Failure to provide meal and rest periods (Cal. Labor Code §§226.7, 512); (11) Failure

11  to provide itemized wage and hour statements (Cal. Labor Code §§226, *et seq.*); (12)

12  Waiting time penalties (Cal. Labor Code §§201-203); and (13) Unfair competition (Bus.

13  & Prof. Code §17200 *et seq.*). Attached hereto as **Exhibit A** is a true and correct copy

14  of the Complaint.

15      5.    Attached hereto as **Exhibit B** are true and correct copies of the Proof of

16  Service, Notice of Acknowledgment and Receipt – Civil, Notice of Case Assignment,

17  Summons issued by the Court, the Civil Case Cover Sheet, Notice of Case Assignment,

18  Notice of Case Management Conference, First Amended General Order, Stipulation –

19  Discovery Resolution,  Stipulation – Early Organizational Meeting, Informal Discovery

20  Conference, Stipulation and Order – Motions in Limine, Alternative Dispute Resolution

21  (ADR) Information Package, Notice to Complainant's Attorney, Complaint of

22  Employment Discrimination, and Statement of Damages, which were mailed to

23  Defendant on May 29, 2020, along with a copy of the Complaint.

24      6.    On June 17, 2020, Defendant Greyhound signed and returned the Notice

25  of Acknowledgment to Plaintiff. Attached hereto as **Exhibit C** is a true and correct copy

26  of the signed Notice of Acknowledgment.

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.

NOTICE OF REMOVAL

7.      On July 17, 2020, Defendant Greyhound filed its Answer to Plaintiff's Complaint. Attached hereto as **Exhibit D** is a true and correct copy of Defendant's Answer.

8.      On September 25, 2020, Defendant Greyhound's counsel completed a notice and acknowledgement of receipt and accepted service for Individual Defendant Claudio Arriola. Attached hereto as **Exhibit E** is a true and correct copy of the signed Notice and Acknowledgement form.

9.      Between September 25, 2020 and November 11, 2020, Defendant's counsel and Plaintiff's counsel engaged in a meaningful meet and confer process regarding Individual Defendant Claudio Arriola and the viability of the causes of action alleged against him in the Complaint. On November 11, 2020, Plaintiff's counsel filed a request for dismissal with the Court dismissing all causes of action against Arriola with the exception of the second cause of action for Harassment. Attached hereto as **Exhibit F** is a true and correct copy of the Request for Dismissal.

10.     Between November 11, 2020 and December 4, 2020, Defendant's counsel and Plaintiff's counsel continued meeting and conferring regarding the sole remaining cause of action pled against Arriola.

11.     On December 11, 2020, Plaintiff's counsel filed a Request for Dismissal as to the sole remaining cause of action against Individual Defendant Claudio Arriola. Attached hereto as **Exhibit G** is a true and correct copy of Request for Dismissal.

12.     On January 8, 2021, Defendant Greyhound filed in the United States District Court Central District of California a Notice to Federal Court of Removal of Civil Action from State Court ("Notice of Removal") on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Attached hereto as **Exhibit H** are true and correct copies of the Notice of Removal and corresponding exhibits. Therein, Defendant asserted that it was the only remaining named defendant in the action and that it is a citizen of Texas and Delaware for purposes of diversity. Defendant further asserted,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

NOTICE OF REMOVAL

relying on the allegations in Plaintiff's Complaint, that Plaintiff was a resident of the State of California and thus, for diversity purposes a citizen of California.

13.     The removed case, Case No. 2:21-cv-00177-PA-PD, was subsequently assigned to United States District Court Judge, Percy Anderson and Magistrate Judge Patricia Donahue on January 8, 2021. Attached hereto as **Exhibit I** is a true and correct copy of the Notice of Assignment to United States Judges.

14.     On January 12, 2021, Judge Anderson issued a Civil Minutes Order to remand the case to the Superior Court of the State of California on the grounds that Defendant had not met the burden of showing that the federal court had subject matter jurisdiction over Plaintiff's claims. Particularly, Judge Anderson ruled that Defendant's assertion that Plaintiff is a resident of California, without more does not adequately allege Plaintiff's citizenship. Attached hereto as **Exhibit J** is a true and correct copy of the Civil Minutes Order.

15.     On January 13, 2021, the U.S. District Court Clerk remanded the case to the Superior Court of the State of California for the County of Los Angeles. Attached hereto as **Exhibit K** is a true and correct copy of the Letter of Transmittal-Remand to Superior Court.

16.     On January 14, 2021, Defendant served Defendant Greyhound Line, Inc.'s Requests for Admissions to Plaintiff Fernando Ochoa Astudillo (Set One). Therein, Defendant requested that Plaintiff admit his citizenship status. Attached hereto as **Exhibit L** is a true and correct copy of Defendant Greyhound Line, Inc.'s Requests for Admissions to Plaintiff Fernando Ochoa Astudillo (Set One) ("Request for Admissions").

17.     On February 17, 2021, Plaintiff served verified Responses to Request for Admissions (Set One) Propounded by Defendant Greyhound Lines, Inc. Therein Plaintiff admitted in response to Request No. 1 that he is a citizen of the State of California. Attached hereto as **Exhibit M** is a true and correct copy of Plaintiff Fernando

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

NOTICE OF REMOVAL

Ochoa Astudillo's Responses to Request for Admissions (Set One) Propounded by Defendant Greyhound Lines, Inc. ("Responses to Request for Admissions").

18.     Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto as **Exhibits A through K** constitute all process, pleadings, and orders served upon Defendant or filed in this action.

## TIMELINESS OF REMOVAL

19.     Pursuant to 28 U.S.C. section 1446(b)(3), removal is timely when "filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." For the purposes of ascertaining removal, "formal discovery," including "a deposition, interrogatory, or request for admission" meets the definition of "other paper." *DeJohn v. AT & T Corp.*, 2011 WL 9105, at *2 (C.D. Cal., Jan. 3, 2011).

20.     After individual Defendant Claudio Arriola was dismissed from this action on December 11, 2020, Defendant Greyhound and Plaintiff became the only relevant parties for purposes of ascertaining whether removal based on diversity jurisdiction was warranted. However, Defendant Greyhound could not ascertain that diversity existed until February 17, 2021, when Plaintiff admitted in his verified Responses to Requests for Admissions that he is a citizen of the State of California. (*See*, Exhibit M.)  Prior to this admission, Defendant could only ascertain Plaintiff's residency, which the U.S. District Court ruled was not adequate for alleging citizenship for purposes of diversity jurisdiction. (*See*, Exhibit J.) Accordingly, the first time Defendant could ascertain that this case is one that could be removed is February 17, 2021, when Plaintiff disclosed that he is a citizen of a state different from Defendant.

21.     Because this removal is being brought within thirty (30) days after service of a paper from which Defendant could ascertain that the case is removable, it is therefore timely pursuant to 28 U.S.C. section 1446(b)(3).

/ / /

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

6.

NOTICE OF REMOVAL

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. ¶1332

22.    Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

23.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie* evidence of one's domicile.  *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiff admits in his verified Responses to Requests for Admissions that he is a citizen of the State of California.  (*See,* Exhibit M.)  Thus, Plaintiff is a citizen of California.

24.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters.  *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

25.     At the time this action was commenced in state court, Defendant was, and still is, a corporation incorporated under the laws of the state of Delaware.  Defendant's corporate headquarters are located in Dallas, Texas. Dallas, Texas is where the majority of the Company's corporate, principal, and executive officers are employed, where the majority of the Company's corporate-wide decisions are made, including decisions concerning Defendant's operations, policies, and procedures, and where its administrative functions, including that of marketing, logistics, planning, payroll, and accounting are conducted. Dallas, Texas is also where the majority of the key decisions are made with respect to the direction of the Company. Thus, Defendant's principal place of business is Dallas, Texas, and Defendant is therefore a citizen of Texas and Delaware for purposes of diversity.

26.     Plaintiff named Defendant Greyhound as a defendant in the Complaint, and alleges that Defendant Greyhound was at all times Plaintiff's employer during the relevant time periods referenced in the Complaint. (*See,* Exhibit A, ¶¶ 5, 6, 18.) Defendant is now the only named defendant in the Complaint; Plaintiff has dismissed Claudio Arriola, the only individually named defendant to this action.

27.     The Complaint names as defendants "DOES 1 through 20, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

28.     As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332(a).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

29.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

8.

NOTICE OF REMOVAL

defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

30. Plaintiff's Statement of Damages alleges that Plaintiff is seeking damages "in an amount according to proof but estimated to be no less than $500,000.00, in a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity." (*See*, Exhibit B.) The Statement of Damages further alleges that Plaintiff is seeking "$1,000,000 in punitive damages." (*See, id*.) Thus, according to Plaintiff's own pleadings, the amount in controversy in this case is at least $1,500,000.00, which far exceeds the jurisdictional minimum.

31. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

32. Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Ramin R. Younessi, Sam Setyan, and Samantha Ortiz of Law Offices of Ramin R. Younessi, APC. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9.

NOTICE OF REMOVAL

1

2

3   Dated:      March 5 , 2021              /s/ Shelley L. Murray
                                             David J. Dow
4                                            Shelley L. Murray
                                             LITTLER MENDELSON, P.C.
5                                            Attorneys for Defendants
                                             GREYHOUND LINES, INC.
6

7   4852-1281-2253.1 070992.1089

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

10.

NOTICE OF REMOVAL

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 02:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:21-cv-02038-SB-PVC Document 1 Filed 03/05/21 Page 12 of 231 Page ID #:12
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
FERNANDO OCHOA ASTUDILLO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

FERNANDO OCHOA ASTUDILLO, an individual,

                Plaintiff,

    v.

GREYHOUND LINES, INC., a Delaware corporation; CLAUDIO ARRIOLA, an individual; and DOES 1 through 20, inclusive,

                Defendants.

Case No.    20STCV17492

**COMPLAINT FOR DAMAGES FOR:**

1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**

2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**

3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**

4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**

5. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**

6. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

7. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**

8. **FOR DECLARATORY JUDGMENT**

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

10. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

11. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

12. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

13. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **FERNANDO OCHOA ASTUDILLO,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, FERNANDO OCHOA ASTUDILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant GREYHOUND LINES, INC. (hereinafter referred to as "GREYHOUND") was and is a California corporation doing business at 1716 E. 7th Street, Los Angeles, California, 90021, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, GREYHOUND owned and operated a private transportation company.

5.      At all times relevant herein, GREYHOUND and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

1   Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an

2   employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

3        6.     At all times relevant herein, GREYHOUND and DOES 1-20 were Plaintiff's employers,

4   joint employers and/or special employers within the meaning of Government Code §§12926, subdivision

5   (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more

6   persons and are therefore subject to the jurisdiction of this Court.

7        7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

8   hereto, Defendant CLAUDIO ARRIOLA, was and is an individual resident of the County of Los Angeles,

9   State of California, and are hereinafter individually referred to by last name and collectively referred to

10  as the "ARRIOLA."   ARRIOLA was GREYHOUND's manager, corporate agent, supervisor, and/or

11  employee.

12       8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

13  the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

14  said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to

15  insert the true names and capacities of said Defendants when the same become known to Plaintiff.

16  Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named

17  Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged

18  hereinafter.

19       9.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

20  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

21  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the

22  other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

23  within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

24  successor status and/or joint venture and with the permission and consent of each of the other Defendants.

25       10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

26  of them, including those defendants named as DOES 1-20 and ARRIOLA, acted in concert with one

27  another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced

28  one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and ARRIOLA, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11.   Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12.   Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13.   Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Greyhound and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14.   Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Greyhound and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.   Greyhound is completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.   Greyhound and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.      Greyhound and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Greyhound does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of Greyhound and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Greyhound is, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendant's affairs, and is, and was, the alter ego of DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.   The corporate existence of Greyhound and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15.     Accordingly, Greyhound constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Greyhound and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Greyhound and DOES 1-20.   Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Greyhound, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Greyhound and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Greyhound and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Greyhound and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendant and/or DOES 1-20 is for

the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Greyhound and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## **FACTUAL ALLEGATIONS**

18.     On or about April 16, 2013, Greyhound hired Plaintiff to work as a driver.  Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before he was wrongfully terminated on or about April 15, 2019.

19.     At the time of Plaintiff's termination, Plaintiff was 71 years old.

20.     Between June 8, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $21.93.  During this time period, Plaintiff's fixed schedule was five days per week for approximately 9.5 hours per day.

21.     Between January 1, 2017 and April 15, 2019, Plaintiff's hourly wage rate was $22.77.  During this time period, Plaintiff's fixed schedule was five days per week for approximately 9.5 hours per day.

22.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof, which was each and every day Plaintiff worked.

23.     In or around January 2019, Plaintiff developed pain in his knees due to the repetitive nature of his duties.  This pain impaired Mr. Plaintiff's major life activity of working, thus constituting a disability.

24.     Plaintiff reported his disability to his driving manager, ARRIOLA, and asked to be sent for medical treatment.  ARRIOLA rejected Plaintiff's request and required Plaintiff to continue working without accommodation.

25.     Plaintiff then informed another supervisor, Terrance Ford, of his disability and requested to be sent for medical treatment.  Terrance Ford directed Plaintiff back to ARRIOLA, who again rejected Plaintiff's request.

26.     ARRIOLA's harassing conduct of refusing to send Plaintiff for medical treatment and requiring Plaintiff to work despite his continued pain and disability was severe and pervasive, creating a hostile work environment for Plaintiff.

27.     Due to Defendants' refusal to send Plaintiff for medical treatment, Plaintiff had no choice but to file a workers' compensation claim.

28.     In or around early-March 2019, Plaintiff finally obtained medical treatment and was informed that that he needed surgery to replace both his knees and was placed on disability leave. Plaintiff promptly informed Defendants of his medical status and requested disability leave.

29.     Shortly thereafter, and while on medical leave, Defendants terminated Plaintiff on or about April 15, 2019.

30.     Defendants discriminated and retaliated against Plaintiff by refusing to allow Plaintiff to obtain medical treatment and for Plaintiff's right to request medical leave as an accommodation of Plaintiff's disability and/or medical condition.

31.     Defendants also subjected the Plaintiff to harassment by refusing to allow Plaintiff to obtain medical treatment upon multiple requests to multiple supervisors.

32.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

33.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

34.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

35.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to ARRIOLA and those

identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

36.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

37.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

38.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

39.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST EMPLOYER DEFENDANTS**

40.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

41.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

42.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

43.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

44.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

45.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

46.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

47.     Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

48.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

49.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

50.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

52.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

53.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

54.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

55.     These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, as set forth hereinabove.

56.     Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

57.     Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's age, disability and/or medical condition, real or  perceived, use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

58.     The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

59.     The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

60.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

61.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

63.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

64.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

65.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

66.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

67.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

68.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

69.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

70.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

71.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

72.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

73.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

75.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

76.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

77.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

78.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

79.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.**

**AGAINST ALL DEFENDANTS**

81.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

82.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition.  Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

83.     At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

84.     Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

85.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

86.     Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

87.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

88.      Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

89.      The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

90.      The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

91.      The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

92.      Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

93.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

94.      At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

95.      At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a

physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

96.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

97.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

98.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

99.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

100.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

101.　Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

102.　At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

103.　At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

104.　Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

105.　The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

106.　The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

-17-

107.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

108.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

109.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 108, inclusive, as though set forth in full herein.

110.    Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

111.   Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

112.   Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

113.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

114.   Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

115.     Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

116.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

117.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

118.     Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## NINTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

119.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

120.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

121.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

122.    Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

123.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

124.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

125.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, or in violation of FEHA.

126.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

127.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

128.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**TENTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

129.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

130.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

131.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

132.    In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.

133.    Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.    From approximately June 1, 2016 to December 31, 2016, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 5 times per week for 30 weeks, or on

approximately 150 days.  During this same time period, Plaintiff's statutory 10-minute rest periods were interrupted and cut short approximately 5 times per week for 30 weeks, or on approximately 150 days.

b.  From approximately January 1, 2017 to April 15, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 5 times per week for 119 weeks, or on approximately 595 days.  During this same time period, Plaintiff's statutory 10-minute rest periods were interrupted and cut short approximately 5 times per week for 119 weeks, or on approximately 595 days.

134.  As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.  From approximately June 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 150 separate days. Consequently, Plaintiff is owed one hour of pay at $21.93 for each day, or $3,289.50, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 150 separate days.  Consequently, Plaintiff is owed one hour of pay at $21.93 for each day, or $3,289.50, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $6,579.00, plus interest thereon, for unpaid meal and rest periods for this time period.

b.  From approximately January 1, 2017 to April 15, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 595 separate days. Consequently, Plaintiff is owed one hour of pay at $22.77 for each day, or $13,548.15, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 595 separate days.  Consequently, Plaintiff is owed one hour of pay at $22.77 for each day, or $13,548.15, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $27,096.30, plus interest thereon, for unpaid meal and rest periods for this time period.

135.     Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $33,675.30.

136.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

137.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $33,675.30, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

**ELEVENTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**

**LABOR CODE §§226 ET SEQ.**

**AGAINST ALL DEFENDANTS**

138.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

139.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

140.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

141.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and

rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

142.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

143.    This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

144.    Plaintiff was paid on a weekly basis, and therefore Defendants violated Labor Code §226 approximately multiple times throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

145.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

**TWELFTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

146.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

-25-

147.     At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

148.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

149.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $7,001.70 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $233.39, inclusive of overtime.

150.     Based on Defendants' conduct as alleged herein, Defendants are liable for $7,001.70 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST ALL DEFENDANTS

151.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

152.     Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete

and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

153.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

154.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $33,675.30;

3.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $7,001.70;

5.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

8. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

10. For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

11. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

12. For post-judgment interest; and

13. For any other relief that is just and proper.

DATED:  May 7, 2020     **LAW OFFICES OF RAMIN R. YOUNESSI**
            **A PROFESSIONAL LAW CORPORATION**


By: _____
    Ramin R. Younessi, Esq.
    Attorney for Plaintiff
    FERNANDO OCHOA ASTUDILLO


## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.


DATED:  May 7, 2020     **LAW OFFICES OF RAMIN R. YOUNESSI**
            **A PROFESSIONAL LAW CORPORATION**


By: _____
    Ramin R. Younessi, Esq.
    Attorney for Plaintiff
    FERNANDO OCHOA ASTUDILLO

# <u>EXHIBIT B</u>

**PROOF OF SERVICE AFFIDAVIT**
CCP 1013(a), CCP 1013(b), and CCP 1013a(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

My name is Rachael Acosta.

I am over the age of 18 and not a party to the related cause(s).

I am employed at DocuCents in the county of Los Angeles, State of California, which is where the mailing occurred.

My business address is: 960 S Village Oaks Dr, Covina, CA 91724, which is where I placed the correspondence described herein for deposit in the United States Postal Service.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

The following correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

Each envelope was sealed and placed for collection and mailing on 05/29/2020, following ordinary business practices.

The exact TITLE of the document(s) served and the name(s) and address(s) of the people or entities being served are listed on the following attached Service List(s). This affidavit may include multiple Service Lists for documents which were mailed to many different parties on unrelated causes as part of the ordinary course of services.

I declare under penalty of perjury under the laws of the State of California that the foregoing and all information contained in the attached Service List(s) is true and correct.

Printed name: Rachael Acosta

Dated: 05/29/2020

X

Rachael Acosta

Attachments: Service List(s) included as part of this affidavit.

## SERVICE LIST
CCP 1013a(3)

This Service List is part of the attached Proof Of Service Affidavit dated 05/29/2020 signed by Rachael Acosta and describes the documents served for Mailing ID 2149DF80A30EFE74.

Total Number of Images: 66

The TITLE of the document(s) being served is:

FINAL S&C TO DEF GREYHOUND LINES

The following persons/entities were served by placing a true copy thereof into a sealed envelope with postage paid in the manner described in the attached affidavit:

CT CORPORATION SYSTEM
818 W 7TH ST STE 930
LOS ANGELES CA 90017

END OF SERVICE LIST FOR THE ABOVE TITLED DOCUMENTS

LAW OFFICES OF
## RAMIN R. YOUNESSI
## A PROFESSIONAL LAW CORPORATION

3435 WILSHIRE BOULEVARD, SUITE 2200
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (323) 777-7777
FACSIMILE (213) 480-6201

May 28, 2020

### Via U.S First Class Mail

CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**RE:** ***Fernando Ochoa Astudillo vs. Greyhound Lines, Inc***
Court Case No.: 20STCV17492
**Our Case No.: 13534**

Counsel:

Enclosed please find two copies of the Notice and Acknowledgment of Receipt for service of Defendant Greyhound Lines, Inc., as well as Summons; Complaint; Notice of Case Assignment, Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing. Please sign and return the Notice and Acknowledgment of Receipt.

Should you have any questions regarding this matter, please do not hesitate to contact our office.

Very truly yours,

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

**Christian Ortiz**
Case Manager
Enclosures: As Stated

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200  FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central District |

| PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo |
|---|
| DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* GREYHOUND LINES, INC., a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*

   Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200    FAX NO. (Optional): (213) 480-6201<br>E-MAIL ADDRESS (Optional): sortiz@younessilaw.com<br>ATTORNEY FOR (Name): Plaintiff, Fernando Ochoa Astudillo | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central District |

| PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo |
|---|
| DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO (insert name of party being served): GREYHOUND LINES, INC., a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):

    Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

(To be completed by recipient):

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

45

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/07/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV17492 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Daniel S. Murphy | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/07/2020
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

tronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 02:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:21-cv-02038-SB-PVC Document 1 Filed 03/05/21 Page 48 of 231 Page ID #:48

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREYHOUND LINES, INC., a Delaware corporation; CLAUDIO
ARRIOLA, an individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FERNANDO OCHOA ASTUDILLO, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>Central District, 111 N. Hill St., Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV17492 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 05/07/2020 | Clerk, by<br>*(Secretario)* N. Alvarez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ctronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 02:30 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:21-cv-02038-SB-PVC   Document 1   Filed 03/05/21   Page 49 of 231   Page ID #:49   CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ramin R. Younessi, Esq. (SBN 175020)<br>Law Offices of Ramin R. Younessi A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200     FAX NO.: (213) 480-6201<br>ATTORNEY FOR (Name): Plaintiff, Fernando Ochoa Astudillo | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>20STCV17492 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify): Thirteen (13)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 7, 2020
Ramin R. Younessi, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: | Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>◻ 1. ⊌ 2. ⊐ 3. ◻ 4. ◻ 5. ⊐ 6. ◻ 7.  ⊐ 8. ◻ 9. ◻ 10. ⊐ 11. | | | ADDRESS:<br>1716 E. 7th Street |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90021 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Stanley Mosk Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 7, 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Fernando Ochoa Astudillo

DEFENDANT:
Greyhound Lines, Inc., a Delaware corporation et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/14/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By:        N. Avalos        Deputy

CASE NUMBER:
20STCV17492

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 10/19/2020 | 9:00 AM | 32 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to: an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to CCP Section 177.5, Local Rule 2.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   05/14/2020

Daniel S. Murphy / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles            , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin R. Younessi
3435 Wilshire Blvd Ste 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:   05/14/2020

By N. Avalos
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )        FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING        )
FOR CIVIL                            )
                                     )
                                     )
                                     )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

1    5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2       Electronic filing service providers must obtain and manage registration information for persons

3       and entities electronically filing with the court.

4    6) TECHNICAL REQUIREMENTS

5       a) Electronic documents must be electronically filed in PDF, text searchable format when

6         technologically feasible without impairment of the document's image.

7       b) The table of contents for any filing must be bookmarked.

8       c) Electronic documents, including but not limited to, declarations, proofs of service, and

9         exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10        3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11        item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12        bookedmarked item and briefly describe the item.

13      d) Attachments to primary documents must be bookmarked. Examples include, but are not

14        limited to, the following:

15        i)    Depositions;

16        ii)   Declarations;

17        iii)  Exhibits (including exhibits to declarations);

18        iv)  Transcripts (including excerpts within transcripts);

19        v)   Points and Authorities;

20        vi)  Citations; and

21        vii) Supporting Briefs.

22      e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23        encouraged.

24      f) Accompanying Documents

25        Each document acompanying a single pleading must be electronically filed as a **separate**

26        digital PDF document.

27      g) Multiple Documents

28        Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)   Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)   Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

**LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                        (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR DEFENDANT)
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR _____ )
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR _____ )
Date:

_____
(TYPE OR PRINT NAME)                              ➢ _____
                                                      (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1.  This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____     ⮞ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                            JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles



## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  o   Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

**b. Los Angeles County Dispute Resolution Programs**

https://wdacs.lacounty.gov/programs/drp/
  • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
    o   Free, day- of- trial mediations at the courthouse. No appointment needed.
    o   Free or low-cost mediations before the day of trial.
    o   For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit.
      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c. Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 7, 2020

Ramin R. Younessi
3435 Wilshire Blvd, Suite 2200
Los Angeles, California 90010

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202004-09869509
      Right to Sue: Ochoa Astudillo / GREYHOUND LINES, INC.

Dear Ramin R. Younessi:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

3

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Fernando Alfonso Ochoa Astudillo                    DFEH No. 202004-09869509

6

Complainant,

7

vs.

8

GREYHOUND LINES, INC.

9

600 VINE STREET, SUITE 1400
CINCINNATI OH 45202, Ohio 45202

10

Claudio Arriola

11

1716 E. 7th Street
Los Angeles, California 90021

12

Respondents

13

14

1. Respondent **GREYHOUND LINES, INC.** is an **employer** subject to suit under the

15

California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16

2. Complainant **Fernando Alfonso Ochoa Astudillo**, resides in the City of **Los**

17

**Angeles** State of **California.**

18

3. Complainant alleges that on or about **April 15, 2019**, respondent took the
following adverse actions:

19

20

**Complainant was harassed** because of complainant's disability (physical or
mental), medical condition (cancer or genetic characteristic), age (40 and over),

21

other.

22

**Complainant was discriminated against** because of complainant's disability
(physical or mental), medical condition (cancer or genetic characteristic), age (40

23

and over), other and as a result of the discrimination was terminated, laid off, denied
hire or promotion, reprimanded, demoted, asked impermissible non-job-related

24

questions, denied any employment benefit or privilege, denied reasonable

25

accommodation for a disability, other, denied work opportunities or assignments.

26

27

-1-
*Complaint – DFEH No. 202004-09869509*

28

Date Filed: April 9, 2020
Date Amended: May 7, 2020

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied or forced to transfer.

**Additional Complaint Details:** Fernando Alfonso Ochoa Astudillo ("Mr. Ochoa") was hired by Greyhound Lines, Inc. (hereinafter "Employer") as a driver on or about April 16, 2013. Mr. Ochoa performed his job duties satisfactorily until the date of his wrongful termination of April 15, 2019. Mr. Ochoa was 71 years old at the time of his termination.

In or around January 2019, Mr. Ochoa developed pain in his knees due to the repetitive nature of his duties. This pain impaired Mr. Ochoa's major life activity of working, thus constituting a disability. Mr. Ochoa reported his disability to his driving manager, Claudio Arriola (hereinafter "Mr. Arriola") (together with Employer, "Respondents"), and asked to be sent to the clinic. Mr. Arriola rejected Mr. Ochoa's request. Mr. Ochoa then informed another supervisor, Terrance Ford, of his disability and requested to be sent to the clinic. Mr. Ford directed Mr. Ochoa back to Mr. Arriola, who again rejected Mr. Ochoa's request. Due to Respondent's refusal to send Mr. Ochoa to a clinic, Mr. Ochoa had no choice but to file a workers' compensation claim.

In or around early-March 2019, Mr. Ochoa finally obtained medical treatment and was informed that that he needed surgery to replace both his knees and was placed on medical leave. Mr. Ochoa promptly informed Defendant of his medical leave. Shortly thereafter, and while on medical leave, Employer terminated Mr. Ochoa on or about April 15, 2019.

In the event that Employer claims that Mr. Ochoa was not terminated, then it has failed and continued to fail to engage in a good faith interactive process to provide reasonable accommodations and return Mr. Ochoa to his employment.

Respondents discriminated, harassed, retaliated against, and terminated Mr. Ochoa because of his age, disability, perceived disability, medical condition, perceived medical condition, engagement in protected activities and request for a good faith, genuine interactive process and accommodations. Respondents failed and refused to engage in any good faith interactive process to discuss and/or arrange for accommodations. Respondents and refused to stop and prevent discrimination and retaliation and return Mr. Ochoa to his employment.

Date Filed: April 9, 2020
Date Amended: May 7, 2020

VERIFICATION

I, **Ramin Younessi**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 7, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – DFEH No. 202004-09869509*

Date Filed: April 9, 2020
Date Amended: May 7, 2020

1   Ramin R. Younessi, Esq. (SBN 175020)
    Samantha L. Ortiz, Esq. (SBN 312503)
2   **LAW OFFICES OF RAMIN R. YOUNESSI**
    **A PROFESSIONAL LAW CORPORATION**
3   3435 Wilshire Boulevard, Suite 2200
    Los Angeles, California 90010
4   Telephone: (213) 480-6200
    Facsimile: (213) 480-6201
5
    Attorney for Plaintiff,
6   FERNANDO OCHOA ASTUDILLO
7
8
9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11   FERNANDO OCHOA ASTUDILLO, an        Case No.: 20STCV17492
     individual,
12                                        *Assigned to the Honorable Judge Daniel S. Murphy,*
                      Plaintiff,          *Dept. 32*
13
         v.                              **STATEMENT OF DAMAGES**
14
     GREYHOUND LINES, INC., a Delaware   [Code Civ. Proc. § 425.115]
15   corporation; CLAUDIO ARRIOLA, an
     individual; and DOES 1 through 20, inclusive,
16
                      Defendants.
17
18                                        Action Filed: May 7, 2020
                                          Trial Date:    None Set Yet
19

20           **NOTICE TO DEFENDANT GREYHOUND LINES, INC.:**

21           **PLEASE TAKE NOTICE** that Plaintiff FERNANDO OCHOA ASTUDILLO seeks judgment

22   against you, in an amount according to proof but estimated to be no less than $500,000.00, in a money

23   judgment representing compensatory damages including lost wages, earnings, commissions, retirement

24   benefits, and other employee benefits, and all other sums of money, together with interest on these

25   amounts; for other special damages; and for general damages for mental pain and anguish and

26   emotional distress and loss of earning capacity;

27           **PLEASE TAKE FURTHER NOTICE** that Plaintiff FERNANDO OCHOA ASTUDILLO

28   reserves the right to seek $1,000,000 in punitive damages when Plaintiff seeks a judgment in the suit

     filed against you.

-1-

DATED:  May 28, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Samantha L. Ortiz, Esq.
Attorney for Plaintiff
FERNANDO OCHOA ASTUDILLO

-2-

# <u>EXHIBIT C</u>

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200   FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo

DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* GREYHOUND LINES, INC., a Delaware corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed: 6/17/20

David Dow
Greyhound Lines, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____ — counsel for Greyhound
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 (Rev. January 1, 2005) | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

# **<u>EXHIBIT D</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/17/2020 11:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1    DAVID J. DOW, Bar No. 179407
     LITTLER MENDELSON, P.C.
2    501 W. Broadway
     Suite 900
3    San Diego, CA  92101.3577
     Telephone:    619.232.0441
4    Fax No.:       619.232.4302
     ddow@littler.com
5
     JOHN A. (DREW) SCHAFFER, Bar No. 320905
6    LITTLER MENDELSON, P.C.
     18565 Jamboree Rd.
7    Suite 800
     Irvine, CA 92612
8    Telephone:    949-705-3000
     Fax No.:       949-724.1201
9    dschaffer@littler.com

10   Attorneys for Defendant
     GREYHOUND LINES, INC.
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     COUNTY OF LOS ANGELES

14   FERNANDO OCHOA ASTUDILLO, an          Case No.  20STCV17492
     individual,                           ASSIGNED FOR ALL PURPOSES TO
15                                         THE HON. DANIEL MURPHY,
                  Plaintiff,               DEPT. 32
16
            v.
17                                         **DEFENDANT GREYHOUND LINES,
     GREYHOUND LINES,INC., a Delaware      INC.'S ANSWER TO PLAINTIFF'S
18   corporation; CLAUDIO ARRIOLA, an      COMPLAINT**
     individual; and DOES 1 through 20,
19   inclusive,                            Complaint Filed:  May 7, 2020
                                           Trial Date:        N/A
20                Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
     501 W. Broadway
        Suite 900
San Diego, CA  92101.3577
      619.232.0441

Defendant Greyhound Lines, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff Fernando Ochoa Astudillo ("Plaintiff") as follows:

## GENERAL DENIAL

Defendant Greyhound Lines, Inc. generally denies each and every allegation contained in Plaintiff's Complaint pursuant to section 431.30 of the California Code of Civil Procedure, and further denies that Plaintiff is entitled to equitable or injunctive relief, compensatory damages, restitution, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendant Greyhound Lines, Inc. asserts the following affirmative defenses. In so doing, Defendant does not concede that Defendant has the burden of production or proof as to any affirmative defense asserted below. Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff in order to be able to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (WAIVER)

2. As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

84

1

2

**THIRD AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

3.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

4.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

5.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

6.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action alleged therein are barred by the applicable statute of limitations, including but not limited to those under California Government Code sections 12960(d) & 12965(b), California Code of Civil Procedure sections 335.1, 338, & 340, California Labor Code Section 203, and/or California Business and Professions Code section 17208.

**SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

7.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

3.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

85

1  alleges that Plaintiff failed to exhaust administrative remedies. Insofar as Plaintiff seeks to recover

2  under the California Fair Employment and Housing Act ("FEHA") for any alleged incident not

3  contained in any charge filed with the Department of Fair Employment and Housing ("DFEH"), for

4  any incident that allegedly occurred more than one year prior to filing the DFEH charge, or for any

5  conduct against a party not named in the DFEH charge, Plaintiff is not entitled to relief for such

6  incident.

7  **EIGHTH AFFIRMATIVE DEFENSE**

8  **(PLAINTIFF'S BREACH OF DUTIES)**

9  8.  As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is

10  informed and believes that further investigation and discovery will reveal and, on that basis allege,

11  that Plaintiff's claims are barred by his own breach of the duties owed to Defendant Greyhound

12  Lines, Inc. pursuant to California Labor Code sections 2854-2859.

13  **NINTH AFFIRMATIVE DEFENSE**

14  **(FAILURE TO MITIGATE)**

15  9.  As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is

16  informed and believes that further investigation and discovery will reveal and, on that basis allege,

17  that Plaintiff failed to take reasonable actions to mitigate his damages, if any, and any recovery to

18  which Plaintiff might be entitled must be reduced by reason of his failure to mitigate his damages, if

19  any.

20  **TENTH AFFIRMATIVE DEFENSE**

21  **(OFFSET/SET OFF)**

22  10.  As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

23  asserts that the Complaint and each cause of action set forth therein is subject to the doctrines of set

24  off, offset and/or recoupment on the part of Defendant.

25  **ELEVENTH AFFIRMATIVE DEFENSE**

26  **(AVOIDABLE CONSEQUENCES DOCTRINE)**

27  11.  As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

28  alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

4.

because it took reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow his employer's policies and practices and failed to use the preventative and corrective opportunities provided to his, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

### TWELFTH AFFIRMATIVE DEFENSE

### (AFTER-ACQUIRED EVIDENCE)

12.   As a separate and affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that any recovery on Plaintiff's Complaint or any cause of action alleged therein is barred due to after-acquired evidence, which independently justified the termination of Plaintiff's employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (MIXED MOTIVE)

13.   As a separate and distinct affirmative defense, Plaintiff's Complaint and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, if any unlawful motive existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims are nevertheless barred because such employment decision would have been the same without such alleged unlawful motive.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXERCISE REASONABLE PREVENTIVE OR CORRECTIVE OPPORTUNITIES)

14.   As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that t exercised reasonable care to prevent any unlawfully harassing, discriminatory, retaliatory, and/or otherwise unlawful workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise notify Defendant or take any other steps to avoid the harms alleged in his Complaint, and thus Plaintiff's claims are barred.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

5.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

87

## FIFTEENTH AFFIRMATIVE DEFENSE

### (LACK OF PROXIMATE CAUSE AND FAILURE TO EXERCISE ORDINARY CARE)

15.     As a separate and distinct affirmative defense, if any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff.  Plaintiff's recovery from Defendant, if any, should be barred entirely or, at a minimum, reduced in proportion to the percentage of Plaintiff's negligence or fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (LEGITIMATE BUSINESS REASONS FOR EMPLOYMENT DECISION)

16.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory, and non-retaliatory business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (NO KNOWLEDGE JUSTIFYING PUNITIVE DAMAGES)

17.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that without admitting to any of the acts, conduct or statements attributed to Defendant by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (PUNITIVE DAMAGES BARRED)

18.     As a separate and affirmative defense, Defendant Greyhound Lines, Inc. alleges that its good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

6.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

88

## NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM UPON WHICH PUNITIVE DAMAGES CAN BE AWARDED)

19.    Plaintiff's Complaint, and each purported cause of action alleged against Defendant Greyhound Lines, Inc. therein, fails to state a claim upon which an award of punitive and exemplary damages can be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

### (ACTS OF OTHERS)

20.    Any damages allegedly incurred by Plaintiff are the results of acts, omissions, conduct, negligence, or fraud by Plaintiff and/or persons other than Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (NO INJURY)

21.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that Plaintiff sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (ALTERNATIVE CAUSATION FOR EMOTIONAL DISTRESS)

22.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that if Plaintiff suffered any emotional distress, his emotional distress was caused by factors other than Plaintiff's employment, the actions of Defendant, or anyone acting on its behalf.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (COLLATERAL ESTOPPEL/RES JUDICATA)

23.    Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, including based on the settlement and Judgment entered in *Scott v. Greyhound Lines, Inc.*, Sacramento County Superior Court Case No. Case No. 34-2017-00219188.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

89

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH)**

24.     Defendant Greyhound Lines, Inc. acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS AND REST PERIODS– WAIVER)**

25.     Defendant Greyhound Lines, Inc. alleges that it reasonably and in good faith provided Plaintiff with meal and rest periods, and that any failure by Plaintiff to take meal and/or rest breaks constituted a waiver by Plaintiff to take such meal and/or rest periods, including by an intentional decision not to take a meal or rest period and/or to the extent that Plaintiff's failure to take meal and/or rest breaks was the result of a failure by Plaintiff to follow Defendant Greyhound Lines, Inc.'s reasonable instructions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS AND REST PERIODS – NO HINDRANCE)**

26.     Plaintiff's meal and rest period-related claims are barred, in whole or in part, because Defendant Greyhound Lines, Inc. did not prevent Plaintiff from taking such breaks.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS – WAIVER)**

27.     The meal period claims fail to the extent that Plaintiff waived his meal period on days in which the total work period was no more than six hours and waived his meal periods on days in which the total work period was between ten and twelve hours and in which he waived his second meal period and did not waive his first meal period.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS – ON-DUTY MEAL PERIOD)**

28.     Plaintiff's meal period-related claims are barred, in whole or in part, to the extent that he has entered into on-duty meal period agreement.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (WAGE STATEMENTS – NO "KNOWING AND INTENTIONAL FAILURE")

3      29.     Any alleged non-compliance with California Labor Code section 226 was not

4  "knowing and intentional."

5

### THIRTIETH AFFIRMATIVE DEFENSE

6

### (*BONA FIDE* DISPUTE)

7      30.     Plaintiff's claims for penalties are barred, in whole or in part, because there is a *bona*

8  *fide* good faith dispute as to whether and in what amount any compensation is due to Plaintiff.

9

### THIRTY-FIRST AFFIRMATIVE DEFENSE

10

### (MEAL AND REST BREAK PROVISIONS PREEMPTED)

11      31.     Defendant Greyhound Lines, Inc. alleges that California's meal and rest break

12  statutes and provisions are preempted as to passenger-carrying bus drivers pursuant to  49 U.S.C.

13  31141 as applied by the Department of Transportation Federal Motor Carrier Safety Administration

14  in Docket No. FMCSA-2019-0048.

15

### THIRTY-SECOND AFFIRMATIVE DEFENSE

16

### (CAL. BUS. & PROF. § 17200 *ET SEQ.* – UNCONSTITUTIONAL)

17      32.     California Business and Professions Code section 17200 *et seq.* is vague and

18  overbroad, such that prosecution of a representative action under this statute, as applied to the facts

19  and circumstances of this case, would constitute a denial of Defendant Greyhound Lines, Inc.'s

20  substantive and procedural due process rights in violation of the Fourteenth Amendment to the

21  United States Constitution and the California Constitution, and right to equal protection.

22

### THIRTY-THIRD AFFIRMATIVE DEFENSE

23

### (PENALTIES UNCONSTITUTIONAL)

24      33.     Defendant Greyhound Lines, Inc. alleges that to the extent Plaintiff seeks civil or

25  statutory penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United

26  States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution,

27  including the prohibition against excessive fines and *State Farm Mutual Insurance Company v.*

28  *Campbell*, 538 U.S. 408 (2003).

9.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1     **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

2     **(CAL. BUS. & PROF. § 17200 *ET SEQ.* – NO INJURY)**

3     34.     Defendant Greyhound Lines, Inc. provided Plaintiff with proper compensation,

4 California-compliant meal periods, and California-compliant wage statements. Accordingly, because

5 no injury resulted, Plaintiff lacks standing to bring a cause of action under California Business and

6 Professions Code section 17200 *et seq.*

7     **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

8     **(ADEQUATE REMEDY AT LAW – NO DECLARATORY/INJUNCTIVE RELIEF)**

9     35.     Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

10     **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

11     **(AT WILL EMPLOYMENT)**

12     36.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

13 alleges that the Complaint and each cause of action set forth therein are barred to the extent that

14 Plaintiff's employment was at-will and terminable with or without cause, at any time, by Plaintiff

15 and/or Defendant.

16     **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

17     **(FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS)**

18     37.     As a separate and affirmative defense, Defendant Greyhound Lines, Inc. alleges,

19 without admitting that Defendant had a duty to initiate an interactive process, that Plaintiff failed to

20 engage in a good faith interactive process and/or was responsible for a breakdown in the interactive

21 process.

22     **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

23     **(WORKERS' COMPENSATION EXCLUSIVITY)**

24     38.     As a separate and distinct affirmative defense, to the extent that Plaintiff is seeking

25 damages for emotional and/or physical injury, his claims are preempted and barred by the exclusive

26 remedy provisions of the California Workers' Compensation Act, California Labor Code section

27 3600, *et seq.*, in that: (1) the injuries complained of allegedly occurred when both Plaintiff and

28 Defendant were subject to California Labor Code sections 3600 to 3601; (2) at the time of the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

10.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

92

1    alleged injuries, Plaintiff was performing services in the course and scope of his employment; (3)

2    Plaintiff allege that the injuries were caused by his employment; (4) Plaintiff's employment was

3    covered by workers' compensation; and (5) Defendant paid the entire costs for that coverage.

4    Accordingly, this Court lacks subject matter jurisdiction over said claims.

5                             **THIRTY-NINTH AFFIRMATIVE DEFENSE**

6                                     **(SAME RESULT)**

7        39.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

8    alleges that the Complaint and each cause of action set forth therein cannot be maintained against

9    Defendant because, if any unlawful discriminatory or retaliatory motive existed in connection with

10    any employment decision involving Plaintiff, which Defendant denies, any and all claims for

11    damages are nevertheless barred because such employment decision would have been the same even

12    without any such unlawful discriminatory motive.

13                              **FORTIETH AFFIRMATIVE DEFENSE**

14                       **(NO VIOLATION OF PUBLIC POLICY)**

15        40.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

16    alleges that the Complaint and each cause of action set forth therein cannot be maintained as Plaintiff

17    never experienced any wrongful employment action by Defendant, and Defendant committed no

18    violation of public policy.

19                          **FORTY-FIRST AFFIRMATIVE DEFENSE**

20                    **(REQUISITE CAUSAL CONNECTION)**

21        41.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

22    alleges that the Complaint and each cause of action set forth therein cannot be maintained against

23    Defendant because Plaintiff has failed to allege the requisite causal connection between alleged

24    protected activities and the alleged adverse employment action.

25                        **FORTY-SECOND AFFIRMATIVE DEFENSE**

26                         **(VOLUNTARY RELEASE)**

27        42.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

28    alleges that Plaintiff has voluntarily settled and/or released some or all of his purported claims set

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

forth in his Complaint, specifically as a class member in *Scott v. Greyhound Lines, Inc.*, Sacramento County Superior Court Case No. Case No. 34-2017-00219188, a class from which Plaintiff did not opt out.   Therefore, Plaintiff is, under the terms of the settlement and/or release, barred from pursuing some or all of his purported causes of action for some or all of his employment.

## FORTY-THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO REQUEST ACCOMMODATION)

43.   Defendant Greyhound Lines, Inc. alleges that Plaintiff's claims are barred because Plaintiff failed to request any reasonable accommodation for his avowed disability.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

## (UNDUE HARDSHIP)

44.   Plaintiff's claims are barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered are above and beyond what Defendant was reasonably able to provide, and would have caused Defendant an undue hardship.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

## (NO REASONABLE ACCOMMODATION)

45.   Plaintiff's claims are barred because no reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of his position.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

## (ADDITIONAL AFFIRMATIVE DEFENSES)

46.   As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.   Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.   Plaintiff's Complaint be dismissed in its entirety with prejudice;

12.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

1        2.      Plaintiff takes nothing by his action against Defendant;

2        3.      Defendant be awarded its attorneys' fees and costs; and

3        4.      Defendant be awarded such other and further relief as this Court deems just and

proper.

Dated:      July 17, 2020

DAVID J. DOW
JOHN A. (DREW) SCHAFFER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
GREYHOUND LINES, INC.

13.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

95

**PROOF OF SERVICE**
*Fernando Ochoa Astudillo v. Greyhound Lines, Inc.*
*Los Angeles Superior Court Case No 20STCV17492*

I am **employed** in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 18565 Jamboree Rd., Suite 800, Irvine, California 92612.

On July 17, 2020, I served the within documents described as:

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties by placing a true and correct original/copy thereof in a sealed envelope(s) addressed as follows:

LAW OFFICES OF
RAMIN R. YOUNESSI
A Professional Law Corporation
3435 Wilshire Boulevard. Suite 2200
Los Angeles, California 90010

*ATTORNEYS FOR PLAINTIFF*

Telephone     (323) 777-7777
Facsimile:      (213) 480-6201
Email:          Ryounessi@lyounessilaw.com

as follows:

☒     **BY ELECTRONIC SERVICE.  Based on a court order (California Rules of Court, Rule 12) or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2020, at Irvine, California.

_____
Valerie Moreno

4833-5385-8754.2 070992.1089

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

14.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Superior Court of California
County of Los Angeles
,

**Receipt**     EFM-2020-2187564.1

**Date:**     7/20/20 1:44 PM
**Time:**     7/20/20 1:44 PM

CASE # 20STCV17492
FERNANDO OCHOA ASTUDILLO vs

| | |
|---|---|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 437.25 |

**Total Paid:**     437.25

20LA02349846

# **<u>EXHIBIT E</u>**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Samvel Setyan, Esq. (SBN 325831)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200   FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District |

| |
|---|
| PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo<br>DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* CLAUDIO ARRIOLA, an individual

| NOTICE |
|---|
| The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.<br><br>If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. |

Date of mailing: August 27, 2020

Samvel Setyan, Esq.
_____
(TYPE OR PRINT NAME)

► *Samvel Setyan* (signature)
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

> Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed: 9/25/20

John (Drew) Schaffer
Counsel for Greyhound Lines
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► (signature)
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# **<u>EXHIBIT F</u>**

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: Ramin R. Younessi, Esq. (SBN 175020); Samantha L. Ortiz, Esq. (SBN 312503) | | |

FIRM NAME: Law Offices of Ramin R. Younessi, A.P.L.C.
STREET ADDRESS: 3435 Wilshire Boulevard, Suite 2200
CITY: Los Angeles     STATE: CA     ZIP CODE: 90010
TELEPHONE NO.: (213) 480-6200     FAX NO.: (213) 480-6201
E-MAIL ADDRESS: sortiz@younessilaw.com
ATTORNEY FOR (Name): Plaintiff, Fernando Ochoa Astudillo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

Plaintiff/Petitioner: Fernando Ochoa Astudillo

Defendant/Respondent: Greyhound Lines, Inc., et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>20STCV17492 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [✔] With prejudice     (2) [ ] Without prejudice
   b. (1) [ ] Complaint     (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name):                          on (date):
   (4) [ ] Cross-complaint filed by (name):                          on (date):
   (5) [ ] Entire action of all parties and all causes of action
   (6) [✔] Other (specify):* only as to cause of actions 1, 3-13 as to Defendant Claudio Arriola only.

2. *(Complete in all cases except family law cases.)*
   The court [ ] did [●] did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: November 11, 2020

Samantha L. Ortiz
_____
(TYPE OR PRINT NAME OF [✔] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____ (SIGNATURE)

Attorney or party without attorney for:
[✔] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____ (SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4. [ ] Dismissal entered as requested on (date):

5. [ ] Dismissal entered on (date):                    as to only (name):

6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
       [ ] a copy to be conformed  [ ] means to return conformed copy

Date: _____     Clerk, by _____, Deputy

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |
|---|---|---|

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: Fernando Ochoa Astudillo<br>Defendant/Respondent: Greyhound Lines, Inc., et al. | CASE NUMBER:<br>RIC1905551 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name):*  Not Applicable. No fees waived.

2.  The person named in item 1 is *(check one below):*
    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3.  ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one):*   Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

_____
(SIGNATURE)

---

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On November 11, 2020, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action as follows:

☒       By emailing true copies addressed to each addressee as follows:

Drew Schaffer, Esq.                          *Attorney for Defendant*
David J. Dow, Esq.                           *GREYHOUND LINES, INC.*
LITTLER MENDELON PC.
DSchaffer@littler.com
DDow@littler.com

☒       ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on November 11, 2020, at Los Angeles, California.

☒       STATE       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐       FEDERAL     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Christian Ortiz

-1-
PROOF OF SERVICE

# **<u>EXHIBIT G</u>**

**CIV-110**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO:<br>NAME: Ramin R. Younessi, Esq. (SBN 175020); Samantha L. Ortiz, Esq. (SBN 312503)<br>FIRM NAME: Law Offices of Ramin R. Younessi, A.P.L.C.<br>STREET ADDRESS: 3435 Wilshire Boulevard, Suite 2200<br>CITY: Los Angeles          STATE: CA     ZIP CODE: 90010<br>TELEPHONE NO.: (213) 480-6200     FAX NO.: (213) 480-6201<br>E-MAIL ADDRESS: sortiz@younessilaw.com<br>ATTORNEY FOR (Name):  Plaintiff, Fernando Ochoa Astudillo | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District |

| |
|---|
| Plaintiff/Petitioner: Fernando Ochoa Astudillo<br>Defendant/Respondent: Greyhound Lines, Inc., et al. |

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | **CASE NUMBER:**<br>20STCV17492 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please **dismiss** this action as follows:
   a.  (1) ☑ With prejudice   (2) ☐ Without prejudice
   b.  (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                                  on (date):
      (4) ☐ Cross-complaint filed by (name):                                  on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other (specify):* only as to cause of action 2, as to Defendant Claudio Arriola only.

2.  (Complete in all cases except family law cases.)
   The court ☐ did  ☑ did not  waive court fees and costs for a party in this case. (This information may be obtained from  the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: December 11, 2020

Samantha L. Ortiz
_____
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

3.  **TO THE CLERK:**  Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4.  ☐ Dismissal entered as requested on (date):
5  ☐ Dismissal entered on  (date):                          as to only (name):
6.  ☐ Dismissal **not entered** as requested for the following reasons (specify):

7.  a.  ☐ Attorney or party without attorney notified on (date):
   b.  ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: _____ Clerk, by _____, Deputy

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: Fernando Ochoa Astudillo<br>Defendant/Respondent: Greyhound Lines, Inc., et al. | CASE NUMBER:<br>20STCV17492 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name)*: Not Applicable. No fees waived.

2.  The person named in item 1 is *(check one below)*:
    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3.  ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*:   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____    ▶    _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                                  (SIGNATURE)

---

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On December 11, 2020, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action as follows:

☒      By emailing true copies addressed to each addressee as follows:

Drew Schaffer, Esq.                          *Attorney for Defendant*
David J. Dow, Esq.                           *GREYHOUND LINES, INC.*
LITTLER MENDELON PC.
DSchaffer@littler.com
DDow@littler.com

☒      ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on December 11, 2020, at Los Angeles, California.

☒      STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐      FEDERAL      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Christian Ortiz

# <u>EXHIBIT H</u>

DAVID J. DOW, Bar No. 179407
ddow@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendants
GREYHOUND LINES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO OCHOA ASTUDILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES,INC., a Delaware corporation; CLAUDIO ARRIOLA, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-177<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>*[Filed concurrently with the, Notice of Interested Parties and Civil Case Cover Sheet]*<br><br>Complaint Filed: May 7, 2020<br>Trial Date: N/A |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

**NOTICE OF REMOVAL**

109

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINITFF FERNANDO OCHOA ASTUDILLO AND HIS ATTTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Greyhound Lines, Inc. ("Defendant") hereby removes the above-entitled action, Case No. 20STCV17492, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1.      This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different states."

2.      As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

3.      Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(1)(2), 1391, and 1446.

## PLEADINGS, PROCESS, AND ORDERS

4.      This lawsuit arises out of Plaintiff FERNANDO OCHOA ASTUDILLO's ("Plaintiff") employment with Defendant.  On May 7, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *FERNANDO OCHOA ASTUDILLO v. GREYHOUND LINES, INC., a Delaware corporation; Claudio Arriola, an individual; and DOES 1 through 20,*

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

2.

**NOTICE OF REMOVAL**

110

*inclusive*, bearing Case No. 20STCV17492 (the "Complaint"). The Complaint asserts the following thirteen (13) causes of action: (1) Discrimination in violation of Gov't Code §§12940, *et seq.*; (2) Harassment in violation of Gov't Code §§12940, *et seq.*; (3) Retaliation in violation of Gov't Code §§12940, *et seq.*; (4) Failure to prevent discrimination, harassment, and retaliation in violation of Gov't Code §12940(k); (5) Retaliation in violation of Gov't Code §§12945.2, *et seq.*; (6) Failure to provide reasonable accommodations in violation of Gov't Code §§12940, *et seq.*; (7) Failure to engage in a good faith interactive process in violation of Gov't Code §§12940, *et seq.*; (8) Declaratory judgment; (9) Wrongful termination in violation of public policy; (10) Failure to provide meal and rest periods (Cal. Labor Code §§226.7, 512); (11) Failure to provide itemized wage and hour statements (Cal. Labor Code §§226, et seq.); (12) Waiting time penalties (Cal. Labor Code §§201-203); and (13) Unfair competition (Bus. & Prof. Code §17200 et seq.). Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

5. Attached hereto as **Exhibit B** are true and correct copies of the Proof of Service, Notice of Acknowledgment and Receipt – Civil, Notice of Case Assignment, Summons issued by the Court, the Civil Case Cover Sheet, Notice of Case Assignment, Notice of Case Management Conference, First Amended General Order, Stipulation –Discovery Resolution,  Stipulation – Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order – Motions in Limine, Alternative Dispute Resolution (ADR) Information Package, Notice to Complainant's Attorney, Complaint of Employment Discrimination, and Statement of Damages, which were mailed to Defendant on May 29, 2020, along with a copy of the Complaint.

6. On June 17, 2020, Defendant signed and returned the Notice of Acknowledgment to Plaintiff.  Attached hereto as **Exhibit C** is a true and correct copy of the signed Notice of Acknowledgment.

7. On July 17, 2020, Defendant filed its Answer to Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

3.

**NOTICE OF REMOVAL**

111

1   Attached hereto as **Exhibit D** is a true and correct copy of Defendant's Answer.

2       8.      On September 25, 2020, Defendant's counsel completed a notice and

3   acknowledgement of receipt and accepted service for Individual Defendant Claudio

4   Arriola.  Attached hereto as **Exhibit E** is a true and correct copy of the signed Notice

5   and Acknowledgement form.

6       9.      Between September 25, 2020 and November 11, 2020, Defendant's

7   counsel and Plaintiff's counsel engaged in a meaningful meet and confer process

8   regarding Individual Defendant Claudio Arriola and the viability of the causes of

9   action alleged against him in the Complaint.  On November 11, 2020, Plaintiff's

10  counsel filed a request for dismissal with the Court dismissing all causes of action

11  against Arriola with the exception of the second cause of action for Harassment.

12  Attached hereto as **Exhibit F** is a true and correct copy of the Request for Dismissal.

13      10.     Between November 11, 2020 and December 4, 2020, Defendant's

14  counsel and Plaintiff's counsel continued meeting and conferring regarding the sole

15  remaining cause of action pled against Arriola.

16      11.     On December 11, 2020, Plaintiff's counsel filed a Request for Dismissal

17  as to the sole remaining cause of action against Individual Defendant Claudio Arriola.

18  Attached hereto as **Exhibit G** is a true and correct copy of Request for Dismissal.

19      12.     Pursuant to 28 U.S.C. section 1446(a), the documents attached hereto as

20  **Exhibits A through G** constitute all process, pleadings, and orders served upon

21  Defendant or filed in this action.

22              **TIMELINESS OF REMOVAL**

23      13.     Plaintiff caused the Request for Dismissal as to the sole remaining cause

24  of action against Individual Defendant Claudio Arriola to be served on Defendant

25  through its attorney on December 11, 2020.  Because Arriola is a citizen of California,

26  the inclusion of Arriola as a Defendant had precluded removal of this case to federal

27  court based on diversity of citizenship jurisdiction.  However, the case became

28  removable upon the dismissal of Arriola.  Pursuant to 28 U.S.C. section 1446(b)(3),

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

4.

NOTICE OF REMOVAL

112

this Notice of Removal is therefore timely filed as it was "filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. ¶1332

14. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…(1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

15. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he is a resident of the County of Los Angeles, State of California. (Complaint ¶ 2.) Thus, Plaintiff is a citizen of California.

16. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

5.

**NOTICE OF REMOVAL**

113

the corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S.77; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010).

17. At the time this action was commenced in state court, Defendant was, and still is, a corporation incorporated under the laws of the state of Delaware. Defendant's corporate headquarters are located in Dallas, Texas. Dallas, Texas is where the majority of the Company's corporate, principal, and executive officers are employed, where the majority of the Company's corporate-wide decisions are made, including decisions concerning Defendant's operations, policies, and procedures, and where its administrative functions, including that of marketing, logistics, planning, payroll, and accounting are conducted. Dallas, Texas is also where the majority of the key decisions are made with respect to the direction of the Company. Thus, Defendant's principal place of business is Dallas, Texas, and Defendant is therefore a citizen of Texas and Delaware for purposes of diversity.

18. Plaintiff named Defendant Greyhound as a defendant in the Complaint, and alleges that Defendant Greyhound was at all times Plaintiff's employer during the relevant time periods referenced in the Complaint. (Complaint, ¶¶ 5, 6, 18.) Defendant Greyhound is now the only named defendant in the Complaint; Plaintiff has dismissed Claudio Arriola, the only individually named defendant to this action.

19. The Complaint names as defendants "DOES 1 through 20, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998).

20. As discussed in detail below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332(a).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**NOTICE OF REMOVAL**

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

21.     The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id.* at 554.  "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction.  *Id.* at 553.

22.     Plaintiff's Statement of Damages (**Exhibit B**) alleges that Plaintiff is seeking damages "in an amount according to proof but estimated to be no less than $500,000.00, in a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity."  The Statement of Damages further alleges that Plaintiff is seeking "$1,000,000 in punitive damages."  Thus, according to Plaintiff's own pleadings, the amount in controversy in this case is at least $1,500,000, which far exceeds the jurisdictional minimum.

23.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

24.     Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing

7.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

will be given by the undersigned to counsel for Plaintiff, Ramin R. Younessi, Sam Setyan, and Samantha Ortiz of Law Offices of Ramin R. Younessi, APC.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

Dated:        January 8, 2021

/s/ David J. Dow
DAVID J. DOW
LITTLER MENDELSON, P.C.
Attorneys for Defendants
GREYHOUND LINES, INC.

4834-0848-2260.3 070992.1089

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

8.

NOTICE OF REMOVAL

116

# Exhibit "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 02:20 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk
Case 2:21-cv-02038-PA-PD Document 41-1 Filed 03/05/21 Page 2 of 231 Page ID #:1018
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
FERNANDO OCHOA ASTUDILLO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FERNANDO OCHOA ASTUDILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC., a Delaware corporation; CLAUDIO ARRIOLA, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.    20STCV17492<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br><br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br><br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 <u>ET SEQ.</u>;**<br><br>4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>5. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br><br>6. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>7. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>8. **FOR DECLARATORY JUDGMENT**<br><br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |

**10. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

**11. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

**12. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

**13. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **FERNANDO OCHOA ASTUDILLO,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, FERNANDO OCHOA ASTUDILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant GREYHOUND LINES, INC. (hereinafter referred to as "GREYHOUND") was and is a California corporation doing business at 1716 E. 7th Street, Los Angeles, California, 90021, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, GREYHOUND owned and operated a private transportation company.

5.      At all times relevant herein, GREYHOUND and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare

Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.     At all times relevant herein, GREYHOUND and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CLAUDIO ARRIOLA, was and is an individual resident of the County of Los Angeles, State of California, and are hereinafter individually referred to by last name and collectively referred to as the "ARRIOLA."   ARRIOLA was GREYHOUND's manager, corporate agent, supervisor, and/or employee.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and ARRIOLA, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

1    Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges,

2    that Defendants, and each of them, including those defendants named as DOES 1-20 and ARRIOLA, and

3    each of them, formed and executed a conspiracy or common plan pursuant to which they would commit

4    the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said

5    conspiracy, intended to cause and actually causing Plaintiff harm.

6          11.     Whenever and wherever reference is made in this complaint to any act or failure to act by

7    a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

8    and/or failures to act by each Defendant acting individually, jointly and severally.

9          12.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent

10   discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the

11   California Fair Employment and Housing Act ("FEHA") with the California Department of Fair

12   Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with

13   respect to these and all related filings.

14

15             **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

16         13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

17   of interest and ownership between Greyhound and DOES 1-20 that the individuality and separateness of

18   defendants have ceased to exist.

19         14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

20   purported corporate existence, Greyhound and DOES 1-20 are, in reality, one and the same, including,

21   but not limited to because:

22             a.     Greyhound is completely dominated and controlled by one another and DOES 1-

23   20, who personally committed the frauds and violated the laws as set forth in this complaint, and who

24   have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or

25   accomplish some other wrongful or inequitable purpose.

26             b.     Greyhound and DOES 1-20 derive actual and significant monetary benefits by and

27   through one another's unlawful conduct, and by using one another as the funding source for their own

28   personal expenditures.

c.  Greyhound and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.  Greyhound does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.  The business affairs of Greyhound and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Greyhound is, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendant's affairs, and is, and was, the alter ego of DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Greyhound and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15.  Accordingly, Greyhound constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Greyhound and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Greyhound and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17.  Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Greyhound, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Greyhound and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Greyhound and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Greyhound and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendant and/or DOES 1-20 is for

the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Greyhound and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## **FACTUAL ALLEGATIONS**

18.     On or about April 16, 2013, Greyhound hired Plaintiff to work as a driver. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before he was wrongfully terminated on or about April 15, 2019.

19.     At the time of Plaintiff's termination, Plaintiff was 71 years old.

20.     Between June 8, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $21.93. During this time period, Plaintiff's fixed schedule was five days per week for approximately 9.5 hours per day.

21.     Between January 1, 2017 and April 15, 2019, Plaintiff's hourly wage rate was $22.77. During this time period, Plaintiff's fixed schedule was five days per week for approximately 9.5 hours per day.

22.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof, which was each and every day Plaintiff worked.

23.     In or around January 2019, Plaintiff developed pain in his knees due to the repetitive nature of his duties. This pain impaired Mr. Plaintiff's major life activity of working, thus constituting a disability.

24.     Plaintiff reported his disability to his driving manager, ARRIOLA, and asked to be sent for medical treatment. ARRIOLA rejected Plaintiff's request and required Plaintiff to continue working without accommodation.

25.     Plaintiff then informed another supervisor, Terrance Ford, of his disability and requested to be sent for medical treatment. Terrance Ford directed Plaintiff back to ARRIOLA, who again rejected Plaintiff's request.

COMPLAINT FOR DAMAGES

26.     ARRIOLA's harassing conduct of refusing to send Plaintiff for medical treatment and requiring Plaintiff to work despite his continued pain and disability was severe and pervasive, creating a hostile work environment for Plaintiff.

27.     Due to Defendants' refusal to send Plaintiff for medical treatment, Plaintiff had no choice but to file a workers' compensation claim.

28.     In or around early-March 2019, Plaintiff finally obtained medical treatment and was informed that that he needed surgery to replace both his knees and was placed on disability leave.  Plaintiff promptly informed Defendants of his medical status and requested disability leave.

29.     Shortly thereafter, and while on medical leave, Defendants terminated Plaintiff on or about April 15, 2019.

30.     Defendants discriminated and retaliated against Plaintiff by refusing to allow Plaintiff to obtain medical treatment and for Plaintiff's right to request medical leave as an accommodation of Plaintiff's disability and/or medical condition.

31.     Defendants also subjected the Plaintiff to harassment by refusing to allow Plaintiff to obtain medical treatment upon multiple requests to multiple supervisors.

32.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

33.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

34.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously mentioned facts.

35.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to ARRIOLA and those

identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

36.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

37.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

38.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

39.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST EMPLOYER DEFENDANTS

40.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

41.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

-8-
COMPLAINT FOR DAMAGES

42.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

43.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

44.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

45.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

46.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

47.     Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

48.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

49.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

50.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

51.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

52.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

53.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

54.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

55.     These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's age, disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities, as set forth hereinabove.

56.     Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

57.     Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

58.     The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

COMPLAINT FOR DAMAGES

59.     The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's damage as stated below.

60.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

61.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

### FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

63.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

64.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

65.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

66.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

-11-

67.     Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

68.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

69.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

70.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

71.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

72.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

73.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

75.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

76.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

77.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

78.     The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

79.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-13-

COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.**

**AGAINST ALL DEFENDANTS**

81.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

82.    At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition.  Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

83.    At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

84.    Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

85.    Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

86.    Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

87.    Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

-14-

88. Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

89. The above said acts of Defendants constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

90. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

91. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

92. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

93. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

94. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

95. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a

physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

96. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

97. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

98. The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

99. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

100. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

101.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

102.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

103.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

104.    Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

105.    The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

106.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

-17-

107. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

108. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

109. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 108, inclusive, as though set forth in full herein.

110. Government Code §12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

-18-

111.    Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

112.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

113.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's age, medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

114.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

115.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

116.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

117.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

118.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## NINTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

119.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35, inclusive, as though set forth in full herein.

120.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

121.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

122.    Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

123.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

124.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

125.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, or in violation of FEHA.

126.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

127.    The damage allegations of Paragraphs 36 through 39, inclusive, are herein incorporated by reference.

128.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**TENTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

129.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

130.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

131.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

132.    In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.

133.    Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.    From approximately June 1, 2016 to December 31, 2016, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 5 times per week for 30 weeks, or on

approximately 150 days.  During this same time period, Plaintiff's statutory 10-minute rest periods were interrupted and cut short approximately 5 times per week for 30 weeks, or on approximately 150 days.

b.     From approximately January 1, 2017 to April 15, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 5 times per week for 119 weeks, or on approximately 595 days.  During this same time period, Plaintiff's statutory 10-minute rest periods were interrupted and cut short approximately 5 times per week for 119 weeks, or on approximately 595 days.

134.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.     From approximately June 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 150 separate days.  Consequently, Plaintiff is owed one hour of pay at $21.93 for each day, or $3,289.50, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 150 separate days.  Consequently, Plaintiff is owed one hour of pay at $21.93 for each day, or $3,289.50, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $6,579.00, plus interest thereon, for unpaid meal and rest periods for this time period.

b.     From approximately January 1, 2017 to April 15, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 595 separate days.  Consequently, Plaintiff is owed one hour of pay at $22.77 for each day, or $13,548.15, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 595 separate days.  Consequently, Plaintiff is owed one hour of pay at $22.77 for each day, or $13,548.15, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $27,096.30, plus interest thereon, for unpaid meal and rest periods for this time period.

-23-

135.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $33,675.30.

136.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

137.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $33,675.30, pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## ELEVENTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
## LABOR CODE §§226 ET SEQ.
## AGAINST ALL DEFENDANTS

138.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

139.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

140.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

141.    At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and

rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated. Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

142. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

143. This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages. For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

144. Plaintiff was paid on a weekly basis, and therefore Defendants violated Labor Code §226 approximately multiple times throughout Plaintiff's employment. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

145. Based on Defendants' conduct as alleged herein, Defendants are liable for damages pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

### TWELFTH CAUSE OF ACTION
### FOR WAITING TIME PENALTIES
### LABOR CODE §§201-203
### AGAINST ALL DEFENDANTS

146. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

-25-

147.    At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

148.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

149.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $7,001.70 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $233.39, inclusive of overtime.

150.    Based on Defendants' conduct as alleged herein, Defendants are liable for $7,001.70 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

### THIRTEENTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
### BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
### AGAINST ALL DEFENDANTS

151.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

152.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete

and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

153.   As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

154.   Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.   For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.   For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $33,675.30;

3.   For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.   For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $7,001.70;

5.   For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.   For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7.     For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

8.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

10.    For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other compensation in accordance with the law;

11.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

12.    For post-judgment interest; and

13.    For any other relief that is just and proper.

DATED:  May 7, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                       **A PROFESSIONAL LAW CORPORATION**


                                       By:  _____
                                            Ramin R. Younessi, Esq.
                                            Attorney for Plaintiff
                                            FERNANDO OCHOA ASTUDILLO


                              **JURY TRIAL DEMANDED**

        Plaintiff demands trial of all issues by jury.


DATED:  May 7, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                       **A PROFESSIONAL LAW CORPORATION**


                                       By:  _____
                                            Ramin R. Younessi, Esq.
                                            Attorney for Plaintiff
                                            FERNANDO OCHOA ASTUDILLO


-28-

# Exhibit "B"

**PROOF OF SERVICE AFFIDAVIT**
CCP 1013(a), CCP 1013(b), and CCP 1013a(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

My name is Rachael Acosta.

I am over the age of 18 and not a party to the related cause(s).

I am employed at DocuCents in the county of Los Angeles, State of California, which is where the mailing occurred.

My business address is: 960 S Village Oaks Dr, Covina, CA 91724, which is where I placed the correspondence described herein for deposit in the United States Postal Service.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

The following correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.

Each envelope was sealed and placed for collection and mailing on 05/29/2020, following ordinary business practices.

The exact TITLE of the document(s) served and the name(s) and address(s) of the people or entities being served are listed on the following attached Service List(s). This affidavit may include multiple Service Lists for documents which were mailed to many different parties on unrelated causes as part of the ordinary course of services.

I declare under penalty of perjury under the laws of the State of California that the foregoing and all information contained in the attached Service List(s) is true and correct.

Printed name: Rachael Acosta

Dated: 05/29/2020

X _____

Rachael Acosta

Attachments: Service List(s) included as part of this affidavit.

**REP. CONTACT : RAMIN YOUNESSI LOS ANGELES**
**3435 WILSHIRE BLVD STE 2200**
**LOS ANGELES CA 90010**

## SERVICE LIST
CCP 1013a(3)

This Service List is part of the attached Proof Of Service Affidavit dated 05/29/2020 signed by Rachael Acosta and describes the documents served for Mailing ID 2149DF80A30EFE74.

Total Number of Images: 66

The TITLE of the document(s) being served is:

FINAL S&C TO DEF GREYHOUND LINES

The following persons/entities were served by placing a true copy thereof into a sealed envelope with postage paid in the manner described in the attached affidavit:

CT CORPORATION SYSTEM
818 W 7TH ST STE 930
LOS ANGELES CA 90017

END OF SERVICE LIST FOR THE ABOVE TITLED DOCUMENTS

LAW OFFICES OF
## RAMIN R. YOUNESSI
## A PROFESSIONAL LAW CORPORATION

3435 WILSHIRE BOULEVARD, SUITE 2200
LOS ANGELES, CALIFORNIA 90010
TELEPHONE (323) 777-7777
FACSIMILE (213) 480-6201

May 28, 2020

**Via U.S First Class Mail**

CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**RE:**   *Fernando Ochoa Astudillo vs. Greyhound Lines, Inc*
Court Case No.: 20STCV17492
**Our Case No.: 13534**

Counsel:

Enclosed please find two copies of the Notice and Acknowledgment of Receipt for service of Defendant Greyhound Lines, Inc., as well as Summons; Complaint; Notice of Case Assignment, Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing. Please sign and return the Notice and Acknowledgment of Receipt.

Should you have any questions regarding this matter, please do not hesitate to contact our office.

Very truly yours,

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

**Christian Ortiz**
Case Manager
Enclosures: As Stated

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200   FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo

DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* GREYHOUND LINES, INC., a Delaware corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

150

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200    FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District |
| PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo |
| DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>20STCV17492 |

TO *(insert name of party being served):* GREYHOUND LINES, INC., a Delaware corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/07/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV17492 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Daniel S. Murphy | 32 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/07/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

152

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREYHOUND LINES, INC., a Delaware corporation; CLAUDIO
ARRIOLA, an individual; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FERNANDO OCHOA ASTUDILLO, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Central District, 111 N. Hill St., Los Angeles, CA 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 20STCV17492 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi, Esq., 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213)480-6200

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* | 05/07/2020 | Clerk, by<br>*(Secretario)* | N. Alvarez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Law Offices of Ramin R. Younessi A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200   FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>20STCV17492 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Thirteen (13)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 7, 2020
Ramin R. Younessi, Esq.
_____                    ► _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
157
Page 1 of 4

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
158
Page 2 of 4

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
159
Page 3 of 4

| SHORT TITLE: Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ⊓ 1. ⊽ 2. ⊓ 3. ⊓ 4. ⊓ 5. ⊓ 6. ⊓ 7.  ⊓ 8. ⊓ 9. ⊓ 10. ⊓ 11. | ADDRESS: 1716 E. 7th Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90021 | |
|---|---|---|---|

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the __Stanley Mosk Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 7, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
160
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/14/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: N. Avalos Deputy |
| PLAINTIFF:<br>Fernando Ochoa Astudillo | |
| DEFENDANT:<br>Greyhound Lines, Inc., a Delaware corporation et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>20STCV17492 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attomeys of record forthwith, and meet and confer with all parties/attomeys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/19/2020 | Time: 9:00 AM | Dept.: 32 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attomeys of record or individually by each party/attomey of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to CCP sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 05/14/2020

Daniel S. Murphy / Judge
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin R. Younessi
3435 Wilshire Blvd Ste 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/14/2020

By N. Avalos
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

1    d) Documents in Related Cases

2    Documents in related cases must be electronically filed in the eFiling portal for that case type if

3    electronic filing has been implemented in that case type, regardless of whether the case has

4    been related to a Civil case.

5    3) **EXEMPT LITIGANTS**

6    a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7    from mandatory electronic filing requirements.

8    b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9    Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10    from filing documents electronically and be permitted to file documents by conventional

11    means if the party shows undue hardship or significant prejudice.

12    4) **EXEMPT FILINGS**

13    a) The following documents shall not be filed electronically:

14    i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15    Civil Procedure sections 170.6 or 170.3;

16    ii)  Bonds/Undertaking documents;

17    iii) Trial and Evidentiary Hearing Exhibits

18    iv)  Any ex parte application that is filed concurrently with a new complaint including those

19    that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20    v)   Documents submitted conditionally under seal. The actual motion or application shall be

21    electronically filed. A courtesy copy of the electronically filed motion or application to

22    submit documents conditionally under seal must be provided with the documents

23    submitted conditionally under seal.

24    b) Lodgments

25    Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26    paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27    //

28    //

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   1) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6     This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional):</td><td colspan="2"></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
    STIPULATION – DISCOVERY RESOLUTION
    Page 2 of 3

171

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

172

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:
                                                 ➤ _____
_____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's file Stamp |
|---|---|---|

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER |
|---|---|
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY FOR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

           JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**      Page 2 of 2



# Superior Court of California, County of Los Angeles



**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  o   Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

**b. Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
  • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
    o   Free, day- of- trial mediations at the courthouse. No appointment needed.
    o   Free or low-cost mediations before the day of trial.
    o   For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit.
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c. Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

May 7, 2020

Ramin R. Younessi
3435 Wilshire Blvd, Suite 2200
Los Angeles, California 90010

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202004-09869509
Right to Sue: Ochoa Astudillo / GREYHOUND LINES, INC.

Dear Ramin R. Younessi:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4
5

**In the Matter of the Complaint of**
Fernando Alfonso Ochoa Astudillo                    DFEH No. 202004-09869509

6
7

Complainant,

vs.

8
9

GREYHOUND LINES, INC.
600 VINE STREET, SUITE 1400
CINCINNATI OH 45202, Ohio 45202

10
11

Claudio Arriola
1716 E. 7th Street
Los Angeles, California 90021

12
13

Respondents

14
15

1. Respondent **GREYHOUND LINES, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

16
17

2. Complainant **Fernando Alfonso Ochoa Astudillo**, resides in the City of **Los Angeles** State of **California.**

18
19

3. Complainant alleges that on or about **April 15, 2019**, respondent took the following adverse actions:

20
21

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other.

22
23
24
25

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other and as a result of the discrimination was terminated, laid off, denied hire or promotion, reprimanded, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

26
27
28

-1-
*Complaint – DFEH No. 202004-09869509*

Date Filed: April 9, 2020
Date Amended: May 7, 2020

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, reprimanded, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied or forced to transfer.

**Additional Complaint Details:** Fernando Alfonso Ochoa Astudillo ("Mr. Ochoa") was hired by Greyhound Lines, Inc. (hereinafter "Employer") as a driver on or about April 16, 2013. Mr. Ochoa performed his job duties satisfactorily until the date of his wrongful termination of April 15, 2019. Mr. Ochoa was 71 years old at the time of his termination.

In or around January 2019, Mr. Ochoa developed pain in his knees due to the repetitive nature of his duties. This pain impaired Mr. Ochoa's major life activity of working, thus constituting a disability. Mr. Ochoa reported his disability to his driving manager, Claudio Arriola (hereinafter "Mr. Arriola") (together with Employer, "Respondents"), and asked to be sent to the clinic. Mr. Arriola rejected Mr. Ochoa's request. Mr. Ochoa then informed another supervisor, Terrance Ford, of his disability and requested to be sent to the clinic. Mr. Ford directed Mr. Ochoa back to Mr. Arriola, who again rejected Mr. Ochoa's request. Due to Respondent's refusal to send Mr. Ochoa to a clinic, Mr. Ochoa had no choice but to file a workers' compensation claim.

In or around early-March 2019, Mr. Ochoa finally obtained medical treatment and was informed that that he needed surgery to replace both his knees and was placed on medical leave. Mr. Ochoa promptly informed Defendant of his medical leave. Shortly thereafter, and while on medical leave, Employer terminated Mr. Ochoa on or about April 15, 2019.

In the event that Employer claims that Mr. Ochoa was not terminated, then it has failed and continued to fail to engage in a good faith interactive process to provide reasonable accommodations and return Mr. Ochoa to his employment.

Respondents discriminated, harassed, retaliated against, and terminated Mr. Ochoa because of his age, disability, perceived disability, medical condition, perceived medical condition, engagement in protected activities and request for a good faith, genuine interactive process and accommodations. Respondents failed and refused to engage in any good faith interactive process to discuss and/or arrange for accommodations. Respondents and refused to stop and prevent discrimination and retaliation and return Mr. Ochoa to his employment.

Date Filed: April 9, 2020
Date Amended: May 7, 2020

VERIFICATION

I, **Ramin Younessi**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 7, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-

Date Filed: April 9, 2020
Date Amended: May 7, 2020

1  Ramin R. Younessi, Esq. (SBN 175020)
   Samantha L. Ortiz, Esq. (SBN 312503)
2  **LAW OFFICES OF RAMIN R. YOUNESSI**
   **A PROFESSIONAL LAW CORPORATION**
3  3435 Wilshire Boulevard, Suite 2200
   Los Angeles, California 90010
4  Telephone: (213) 480-6200
   Facsimile: (213) 480-6201
5
   Attorney for Plaintiff,
6  FERNANDO OCHOA ASTUDILLO
7
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10             **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11 | FERNANDO OCHOA ASTUDILLO, an | Case No.: 20STCV17492 |
   individual,
12 |                             | *Assigned to the Honorable Judge Daniel S. Murphy,* |
   |            Plaintiff,       | *Dept. 32* |
13 |                             |
14 |     v.                      | **STATEMENT OF DAMAGES** |
15 | GREYHOUND LINES, INC., a Delaware | [Code Civ. Proc. § 425.115] |
   corporation; CLAUDIO ARRIOLA, an
16 individual; and DOES 1 through 20, inclusive,
   |            Defendants.      |
17
18 |                             | Action Filed: May 7, 2020
   |                             | Trial Date:    None Set Yet |
19
20   **NOTICE TO DEFENDANT GREYHOUND LINES, INC.:**

21       **PLEASE TAKE NOTICE** that Plaintiff FERNANDO OCHOA ASTUDILLO seeks judgment

22 against you, in an amount according to proof but estimated to be no less than $500,000.00, in a money

23 judgment representing compensatory damages including lost wages, earnings, commissions, retirement

24 benefits, and other employee benefits, and all other sums of money, together with interest on these

25 amounts; for other special damages; and for general damages for mental pain and anguish and

26 emotional distress and loss of earning capacity;

27       **PLEASE TAKE FURTHER NOTICE** that Plaintiff FERNANDO OCHOA ASTUDILLO

28 reserves the right to seek $1,000,000 in punitive damages when Plaintiff seeks a judgment in the suit

   filed against you.

                                    -1-
                                                                        184

DATED:  May 28, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By:

Ramin R. Younessi, Esq.
Samantha L. Ortiz, Esq.
Attorney for Plaintiff
FERNANDO OCHOA ASTUDILLO

-2-

# Exhibit "C"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (SBN 175020)<br>Samantha L. Ortiz, Esq. (SBN 312503)<br>Law Offices of Ramin R. Younessi, A.P.L.C<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012<br>TELEPHONE NO.: (213) 480-6200   FAX NO. *(Optional):* (213) 480-6201<br>E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo

DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* GREYHOUND LINES, INC., a Delaware corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 28, 2020

Samantha L. Ortiz, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

> Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

*(To be completed by recipient):*

Date this form is signed: 6/17/20

David Dow
Greyhound Lines, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____ - counsel for Greyhound
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 (Rev. January 1, 2005)

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

187

# Exhibit "D"

Electronically FILED by Superior Court of California, County of Los Angeles on 07/17/2020 11:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1 | DAVID J. DOW, Bar No. 179407
LITTLER MENDELSON, P.C.
2 | 501 W. Broadway
Suite 900
3 | San Diego, CA 92101.3577
Telephone: 619.232.0441
4 | Fax No.: 619.232.4302
ddow@littler.com
5 |
JOHN A. (DREW) SCHAFFER, Bar No. 320905
6 | LITTLER MENDELSON, P.C.
18565 Jamboree Rd.
7 | Suite 800
Irvine, CA 92612
8 | Telephone: 949-705-3000
Fax No.: 949-724.1201
9 | dschaffer@littler.com

10 | Attorneys for Defendant
GREYHOUND LINES, INC.

11 |

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | COUNTY OF LOS ANGELES

14 | FERNANDO OCHOA ASTUDILLO, an
individual,

15 | Plaintiff,

16 |

17 | v.

18 | GREYHOUND LINES,INC., a Delaware
corporation; CLAUDIO ARRIOLA, an
individual; and DOES 1 through 20,
19 | inclusive,

20 | Defendants.

Case No. 20STCV17492
ASSIGNED FOR ALL PURPOSES TO
THE HON. DANIEL MURPHY,
DEPT. 32

**DEFENDANT GREYHOUND LINES,
INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

Complaint Filed: May 7, 2020
Trial Date: N/A

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1.

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

189

Defendant Greyhound Lines, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff Fernando Ochoa Astudillo ("Plaintiff") as follows:

## GENERAL DENIAL

Defendant Greyhound Lines, Inc. generally denies each and every allegation contained in Plaintiff's Complaint pursuant to section 431.30 of the California Code of Civil Procedure, and further denies that Plaintiff is entitled to equitable or injunctive relief, compensatory damages, restitution, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

## AFFIRMATIVE DEFENSES

Defendant Greyhound Lines, Inc. asserts the following affirmative defenses.  In so doing, Defendant does not concede that Defendant has the burden of production or proof as to any affirmative defense asserted below.  Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff in order to be able to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (WAIVER)

2.      As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

**THIRD AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

3.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

4.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

5.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's express or implied consent to the conduct attributed to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

6.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action alleged therein are barred by the applicable statute of limitations, including but not limited to those under California Government Code sections 12960(d) & 12965(b), California Code of Civil Procedure sections 335.1, 338, & 340, California Labor Code Section 203, and/or California Business and Professions Code section 17208.

**SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)**

7.    As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

3.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

191

alleges that Plaintiff failed to exhaust administrative remedies. Insofar as Plaintiff seeks to recover under the California Fair Employment and Housing Act ("FEHA") for any alleged incident not contained in any charge filed with the Department of Fair Employment and Housing ("DFEH"), for any incident that allegedly occurred more than one year prior to filing the DFEH charge, or for any conduct against a party not named in the DFEH charge, Plaintiff is not entitled to relief for such incident.

## EIGHTH AFFIRMATIVE DEFENSE

### (PLAINTIFF'S BREACH OF DUTIES)

8.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that Plaintiff's claims are barred by his own breach of the duties owed to Defendant Greyhound Lines, Inc. pursuant to California Labor Code sections 2854-2859.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

9.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that Plaintiff failed to take reasonable actions to mitigate his damages, if any, and any recovery to which Plaintiff might be entitled must be reduced by reason of his failure to mitigate his damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (OFFSET/SET OFF)

10.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. asserts that the Complaint and each cause of action set forth therein is subject to the doctrines of set off, offset and/or recoupment on the part of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (AVOIDABLE CONSEQUENCES DOCTRINE)

11.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences

4.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

192

because it took reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow his employer's policies and practices and failed to use the preventative and corrective opportunities provided to his, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

## TWELFTH AFFIRMATIVE DEFENSE

### (AFTER-ACQUIRED EVIDENCE)

12.     As a separate and affirmative defense, Defendant Greyhound Lines, Inc. is informed and believes that further investigation and discovery will reveal and, on that basis allege, that any recovery on Plaintiff's Complaint or any cause of action alleged therein is barred due to after-acquired evidence, which independently justified the termination of Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (MIXED MOTIVE)

13.     As a separate and distinct affirmative defense, Plaintiff's Complaint and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, if any unlawful motive existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims are nevertheless barred because such employment decision would have been the same without such alleged unlawful motive.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXERCISE REASONABLE PREVENTIVE OR CORRECTIVE OPPORTUNITIES)

14.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that t exercised reasonable care to prevent any unlawfully harassing, discriminatory, retaliatory, and/or otherwise unlawful workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise notify Defendant or take any other steps to avoid the harms alleged in his Complaint, and thus Plaintiff's claims are barred.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

5.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

193

## FIFTEENTH AFFIRMATIVE DEFENSE

### (LACK OF PROXIMATE CAUSE AND FAILURE TO EXERCISE ORDINARY CARE)

15.     As a separate and distinct affirmative defense, if any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, and, as Plaintiff did not exercise ordinary care, his own acts and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged by Plaintiff.  Plaintiff's recovery from Defendant, if any, should be barred entirely or, at a minimum, reduced in proportion to the percentage of Plaintiff's negligence or fault.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (LEGITIMATE BUSINESS REASONS FOR EMPLOYMENT DECISION)

16.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory, and non-retaliatory business reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (NO KNOWLEDGE JUSTIFYING PUNITIVE DAMAGES)

17.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that without admitting to any of the acts, conduct or statements attributed to Defendant by Plaintiff's Complaint, Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained in Plaintiff's Complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (PUNITIVE DAMAGES BARRED)

18.     As a separate and affirmative defense, Defendant Greyhound Lines, Inc. alleges that its good faith efforts to prevent discrimination, retaliation, and any other unlawful acts bars any award for punitive damages or exemplary damages as set forth in *Kolstad v. Am. Dental Assn.*, 527 U.S. 526 (1999).

6.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER**
**TO PLAINTIFF'S COMPLAINT**

194

## NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM UPON WHICH PUNITIVE DAMAGES CAN BE AWARDED)

19.     Plaintiff's Complaint, and each purported cause of action alleged against Defendant Greyhound Lines, Inc. therein, fails to state a claim upon which an award of punitive and exemplary damages can be granted.

## TWENTIETH AFFIRMATIVE DEFENSE

### (ACTS OF OTHERS)

20.     Any damages allegedly incurred by Plaintiff are the results of acts, omissions, conduct, negligence, or fraud by Plaintiff and/or persons other than Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (NO INJURY)

21.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that Plaintiff sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (ALTERNATIVE CAUSATION FOR EMOTIONAL DISTRESS)

22.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that if Plaintiff suffered any emotional distress, his emotional distress was caused by factors other than Plaintiff's employment, the actions of Defendant, or anyone acting on its behalf.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (COLLATERAL ESTOPPEL/RES JUDICATA)

23.     Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, including based on the settlement and Judgment entered in *Scott v. Greyhound Lines, Inc.*, Sacramento County Superior Court Case No. Case No. 34-2017-00219188.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

195

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH)**

24.     Defendant Greyhound Lines, Inc. acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS AND REST PERIODS– WAIVER)**

25.     Defendant Greyhound Lines, Inc. alleges that it reasonably and in good faith provided Plaintiff with meal and rest periods, and that any failure by Plaintiff to take meal and/or rest breaks constituted a waiver by Plaintiff to take such meal and/or rest periods, including by an intentional decision not to take a meal or rest period and/or to the extent that Plaintiff's failure to take meal and/or rest breaks was the result of a failure by Plaintiff to follow Defendant Greyhound Lines, Inc.'s reasonable instructions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS AND REST PERIODS – NO HINDRANCE)**

26.     Plaintiff's meal and rest period-related claims are barred, in whole or in part, because Defendant Greyhound Lines, Inc. did not prevent Plaintiff from taking such breaks.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS – WAIVER)**

27.     The meal period claims fail to the extent that Plaintiff waived his meal period on days in which the total work period was no more than six hours and waived his meal periods on days in which the total work period was between ten and twelve hours and in which he waived his second meal period and did not waive his first meal period.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(MEAL PERIODS – ON-DUTY MEAL PERIOD)**

28.     Plaintiff's meal period-related claims are barred, in whole or in part, to the extent that he has entered into on-duty meal period agreement.

8.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

196

## TWENTY-NINTH AFFIRMATIVE DEFENSE

## (WAGE STATEMENTS – NO "KNOWING AND INTENTIONAL FAILURE")

29.     Any alleged non-compliance with California Labor Code section 226 was not "knowing and intentional."

## THIRTIETH AFFIRMATIVE DEFENSE

## (*BONA FIDE* DISPUTE)

30.     Plaintiff's claims for penalties are barred, in whole or in part, because there is a *bona fide* good faith dispute as to whether and in what amount any compensation is due to Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

## (MEAL AND REST BREAK PROVISIONS PREEMPTED)

31.     Defendant Greyhound Lines, Inc. alleges that California's meal and rest break statutes and provisions are preempted as to passenger-carrying bus drivers pursuant to 49 U.S.C. 31141 as applied by the Department of Transportation Federal Motor Carrier Safety Administration in Docket No. FMCSA-2019-0048.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

## (CAL. BUS. & PROF. § 17200 *ET SEQ.* – UNCONSTITUTIONAL)

32.     California Business and Professions Code section 17200 *et seq.* is vague and overbroad, such that prosecution of a representative action under this statute, as applied to the facts and circumstances of this case, would constitute a denial of Defendant Greyhound Lines, Inc.'s substantive and procedural due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution, and right to equal protection.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

## (PENALTIES UNCONSTITUTIONAL)

33.     Defendant Greyhound Lines, Inc. alleges that to the extent Plaintiff seeks civil or statutory penalties, such claims violate the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines and *State Farm Mutual Insurance Company v. Campbell*, 538 U.S. 408 (2003).

9.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

197

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(CAL. BUS. & PROF. § 17200 *ET SEQ.* – NO INJURY)**

34.     Defendant Greyhound Lines, Inc. provided Plaintiff with proper compensation, California-compliant meal periods, and California-compliant wage statements. Accordingly, because no injury resulted, Plaintiff lacks standing to bring a cause of action under California Business and Professions Code section 17200 *et seq.*

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(ADEQUATE REMEDY AT LAW – NO DECLARATORY/INJUNCTIVE RELIEF)**

35.     Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(AT WILL EMPLOYMENT)**

36.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint and each cause of action set forth therein are barred to the extent that Plaintiff's employment was at-will and terminable with or without cause, at any time, by Plaintiff and/or Defendant.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO ENGAGE IN GOOD FAITH INTERACTIVE PROCESS)**

37.     As a separate and affirmative defense, Defendant Greyhound Lines, Inc. alleges, without admitting that Defendant had a duty to initiate an interactive process, that Plaintiff failed to engage in a good faith interactive process and/or was responsible for a breakdown in the interactive process.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(WORKERS' COMPENSATION EXCLUSIVITY)**

38.     As a separate and distinct affirmative defense, to the extent that Plaintiff is seeking damages for emotional and/or physical injury, his claims are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, in that: (1) the injuries complained of allegedly occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600 to 3601; (2) at the time of the

10.

1     alleged injuries, Plaintiff was performing services in the course and scope of his employment; (3)

2     Plaintiff allege that the injuries were caused by his employment; (4) Plaintiff's employment was

3     covered by workers' compensation; and (5) Defendant paid the entire costs for that coverage.

4     Accordingly, this Court lacks subject matter jurisdiction over said claims.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (SAME RESULT)

7     39.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

8     alleges that the Complaint and each cause of action set forth therein cannot be maintained against

9     Defendant because, if any unlawful discriminatory or retaliatory motive existed in connection with

10     any employment decision involving Plaintiff, which Defendant denies, any and all claims for

11     damages are nevertheless barred because such employment decision would have been the same even

12     without any such unlawful discriminatory motive.

### FORTIETH AFFIRMATIVE DEFENSE

### (NO VIOLATION OF PUBLIC POLICY)

15     40.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

16     alleges that the Complaint and each cause of action set forth therein cannot be maintained as Plaintiff

17     never experienced any wrongful employment action by Defendant, and Defendant committed no

18     violation of public policy.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (REQUISITE CAUSAL CONNECTION)

21     41.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

22     alleges that the Complaint and each cause of action set forth therein cannot be maintained against

23     Defendant because Plaintiff has failed to allege the requisite causal connection between alleged

24     protected activities and the alleged adverse employment action.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (VOLUNTARY RELEASE)

27     42.     As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc.

28     alleges that Plaintiff has voluntarily settled and/or released some or all of his purported claims set

11.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

199

forth in his Complaint, specifically as a class member in *Scott v. Greyhound Lines, Inc.*, Sacramento County Superior Court Case No. Case No. 34-2017-00219188, a class from which Plaintiff did not opt out.  Therefore, Plaintiff is, under the terms of the settlement and/or release, barred from pursuing some or all of his purported causes of action for some or all of his employment.

## FORTY-THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO REQUEST ACCOMMODATION)

43.  Defendant Greyhound Lines, Inc. alleges that Plaintiff's claims are barred because Plaintiff failed to request any reasonable accommodation for his avowed disability.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

## (UNDUE HARDSHIP)

44.  Plaintiff's claims are barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered are above and beyond what Defendant was reasonably able to provide, and would have caused Defendant an undue hardship.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

## (NO REASONABLE ACCOMMODATION)

45.  Plaintiff's claims are barred because no reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of his position.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

## (ADDITIONAL AFFIRMATIVE DEFENSES)

46.  As a separate and distinct affirmative defense, Defendant Greyhound Lines, Inc. alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserve the right to amend this Answer for purposes of asserting such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.  Plaintiff's Complaint be dismissed in its entirety with prejudice;

12.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

200

2.      Plaintiff takes nothing by his action against Defendant;

3.      Defendant be awarded its attorneys' fees and costs; and

4.      Defendant be awarded such other and further relief as this Court deems just and proper.


Dated:      July 17, 2020


DAVID J. DOW
JOHN A. (DREW) SCHAFFER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
GREYHOUND LINES, INC.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

13.

## PROOF OF SERVICE
### *Fernando Ochoa Astudillo v. Greyhound Lines, Inc.*
### *Los Angeles Superior Court Case No 20STCV17492*

I am **employed** in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 18565 Jamboree Rd., Suite 800, Irvine, California 92612.

On July 17, 2020, I served the within documents described as:

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties by placing a true and correct original/copy thereof in a sealed envelope(s) addressed as follows:

LAW OFFICES OF
RAMIN R. YOUNESSI
A Professional Law Corporation
3435 Wilshire Boulevard. Suite 2200
Los Angeles, California 90010

*ATTORNEYS FOR PLAINITIFF*

Telephone    (323) 777-7777
Facsimile:    (213) 480-6201
Email:       Ryounessi@lyounessilaw.com

as follows:

    ☒    **BY ELECTRONIC SERVICE.  Based on a court order (California Rules of Court, Rule 12) or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2020, at Irvine, California.

_____
Valerie Moreno

4833-5385-8754.2 070992.1089

14.

**DEFENDANT GREYHOUND LINES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Superior Court of California

County of Los Angeles

,

**Receipt**    EFM-2020-2187564.1

**Date:**    7/20/20 1:44 PM
**Time:**    7/20/20 1:44 PM

CASE # 20STCV17492
FERNANDO OCHOA ASTUDILLO vs

Unlimited Civil- Ans.non-Plaintiff    435.00
incl. UD-
GC70612,70602.5,70602.6
Court Transaction Fee    2.25

**Case Total:**    437.25

**Total Paid:**    437.25

20LA02349846

# Exhibit "E"

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Samantha L. Ortiz, Esq. (SBN 312503)
Samvel Setyan, Esq. (SBN 325831)
Law Offices of Ramin R. Younessi, A.P.L.C
3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90012
TELEPHONE NO.: (213) 480-6200    FAX NO. *(Optional):* (213) 480-6201
E-MAIL ADDRESS *(Optional):* sortiz@younessilaw.com
ATTORNEY FOR *(Name):* Plaintiff, Fernando Ochoa Astudillo

**FOR COURT USE ONLY**

R  R    R        R       Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Fernando Ochoa Astudillo

DEFENDANT/RESPONDENT: Greyhound Lines, Inc., et al.

|  D           D  M          R | CASE NUMBER:<br>20STCV17492 |
|---|---|

TO *(insert name of party being served):* CLAUDIO ARRIOLA, an individual

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 27, 2020

Samvel Setyan, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Samvel Setyan*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

                    D  M          R

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*
    Notice of Case Assignment; Civil Case Cover Sheets; First Amended General Order; Statement of Damages; Notice of Case Management Conference; and Amended Complaint of Employment Discrimination before the State of California Department of Fair Employment and Housing

***(To be completed by recipient):***

Date this form is signed: 9/25/20
    John (Drew) Schaffer
    Counsel for Greyhound Lines
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

       D         D  M         R

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Exhibit "F"

**CIV-110**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | *FOR COURT S ONLY* |

NAME: Ramin R. Younessi, Esq. (SBN 175020); Samantha L. Ortiz, Esq. (SBN 312503)
FIRM NAME: Law Offices of Ramin R. Younessi, A.P.L.C.
STREET ADDRESS: 3435 Wilshire Boulevard, Suite 2200
CITY: Los Angeles          STATE: CA     ZIP CODE: 90010
TELEPHONE NO.: (213) 480-6200     FAX NO.: (213) 480-6201
E-MAIL ADDRESS: sortiz@younessilaw.com
ATTORNEY FOR (Name): Plaintiff, Fernando Ochoa Astudillo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

Plaintiff/Petitioner: Fernando Ochoa Astudillo
Defendant/Respondent: Greyhound Lines, Inc., et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>20STCV17492 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please **dismiss** this action as follows:
    a.  (1) ✔ With prejudice    (2) ☐ Without prejudice
    b.  (1) ☐ Complaint    (2) ☐ Petition
        (3) ☐ Cross-complaint filed by (name):                    on (date):
        (4) ☐ Cross-complaint filed by (name):                    on (date):
        (5) ☐ Entire action of all parties and all causes of action
        (6) ✔ Other (specify):* only as to cause of actions 1, 3-13 as to Defendant Claudio Arriola only.

2.  (Complete in all cases except family law cases.)
    The court ☐ did  ☐ did not  waive court fees and costs for a party in this case. (This information may be obtained from  the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: November 11, 2020

Samantha L. Ortiz
_____
(TYPE OR PRINT NAME OF  ✔ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____ (SIGNATURE)

Attorney or party without attorney for:
✔ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3.  **TO THE CLERK:**  Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____ (SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4.  ☐ Dismissal entered as requested on (date):
5   ☐ Dismissal entered on  (date):                    as to only (name):
6.  ☐ Dismissal **not entered** as requested for the following reasons (specify):

7.  a.  ☐ Attorney or party without attorney notified on (date):
    b.  ☐ Attorney or party without attorney not notified. Filing party failed to provide
        ☐ a copy to be conformed  ☐ means to return conformed copy

Date: _____  Clerk, by _____, Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: Fernando Ochoa Astudillo <br> Defendant/Respondent: Greyhound Lines, Inc., et al. | CASE NUMBER: <br> RIC1905551 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* Not Applicable. No fees waived.

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          ►  _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On November 11, 2020, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action as follows:

☒      By emailing true copies addressed to each addressee as follows:

Drew Schaffer, Esq.                                   *Attorney for Defendant*
David J. Dow, Esq.                                    *GREYHOUND LINES, INC.*
LITTLER MENDELON PC.
DSchaffer__littler.com
DDow__littler.com

☒      ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on November 11, 2020, at Los Angeles, California.

☒      STATE          I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐      FEDERAL     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Christian Ortiz                                              _____

-1-

# Exhibit "G"

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | |
|---|---|---|
| NAME: Ramin R. Younessi, Esq. (SBN 175020); Samantha L. Ortiz, Esq. (SBN 312503) | | *FOR COURT USE ONLY* |
| FIRM NAME: Law Offices of Ramin R. Younessi, A.P.L.C. | | |
| STREET ADDRESS: 3435 Wilshire Boulevard, Suite 2200 | | |
| CITY: Los Angeles    STATE: CA    ZIP CODE: 90010 | | |
| TELEPHONE NO.: (213) 480-6200    FAX NO.: (213) 480-6201 | | |
| E-MAIL ADDRESS: sortiz@younessilaw.com | | |
| ATTORNEY FOR (Name): Plaintiff, Fernando Ochoa Astudillo | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

Plaintiff/Petitioner: Fernando Ochoa Astudillo

Defendant/Respondent: Greyhound Lines, Inc., et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>20STCV17492 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☑ With prejudice   (2) ☐ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                    on (date):
      (4) ☐ Cross-complaint filed by (name):                    on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☑ Other (specify):* only as to cause of action 2, as to Defendant Claudio Arriola only.

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: December 11, 2020

Samantha L. Ortiz
_____
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____ (SIGNATURE)

Attorney or party without attorney for:
☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:
_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____ (SIGNATURE)

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on (date):

5. ☐ Dismissal entered on (date):                    as to only (name):

6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed ☐ means to return conformed copy

Date: _____    Clerk, by _____, Deputy

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |
|---|---|---|

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: Fernando Ochoa Astudillo<br>Defendant/Respondent: Greyhound Lines, Inc., et al. | CASE NUMBER:<br>20STCV17492 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name)*: Not Applicable. No fees waived.

2. The person named in item 1 is *(check one below)*:
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*:  Yes  No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____      ▶  _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 2200, Los Angeles, California 90010.

On December 11, 2020, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action as follows:

☒   By emailing true copies addressed to each addressee as follows:

Drew Schaffer, Esq.                          *Attorney for Defendant*
David J. Dow, Esq.                           *GREYHOUND LINES, INC.*
LITTLER MENDELON PC.
DSchaffer_littler.com
DDow_littler.com

☒   ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on December 11, 2020, at Los Angeles, California.

☒   STATE        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   FEDERAL      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Christian Ortiz

-1-

# **<u>EXHIBIT I</u>**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES**

This case has been assigned to:

District Judge **Percy Anderson**
Magistrate Judge **Patricia Donahue**

The case number on all documents filed with the Court should read as follows:

### 2:21−cv−00177 PA (PDx)

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts.gov/judges-requirements, for additional information.

Clerk, U.S. District Court

January 8, 2021
Date

By   /s/ *Edwin Sambrano*
Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

---

CV-18 (08/19)          **NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES**

# <u>EXHIBIT J</u>

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-177 PA (PDx) | Date | January 12, 2021 |
|---|---|---|---|
| Title | Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Gabriela Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Greyhound Lines, Inc. ("Defendant"). (Dkt. 1 ("Removal").)  The Notice of Removal alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  (Id. at 2.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  The Notice of Removal states, "Plaintiff alleges that he is a resident of the County of Los Angeles, State of California.  (Complaint ¶ 2.)  Thus, Plaintiff is a citizen of California."  (Removal ¶15.)  But residence is not necessarily the same as domicile.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Without more, Defendant has not adequately alleged Plaintiff's citizenship.  Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

For these reasons, the Court concludes that Defendant has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims.  This action is therefore remanded to the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 21-177 PA (PDx) | Date | January 12, 2021 |
|---|---|---|---|
| Title | Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al. | | |

Superior Court of California for the County of Los Angeles, Case No. 20STCV17492, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

# **<u>EXHIBIT K</u>**



**United States District Court**
Central District of California
**Office of the Clerk**

**Kiry K. Gray**
District Court Executive / Clerk of Court
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Cristina M. Squieri Bullock**
Chief Deputy of Administration
350 West 1st Street, Suite 4311
Los Angeles, CA 90012

**Sara Tse Soo Hoo**
Chief Deputy of Operations
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

January 13, 2021

Los Angeles Superior Court
111 North Hill Street
Los Angeles, CA 90012

Re: Case Number: _____2:21−cv−00177−PA−PD_____
Previously Superior Court Case No. _____20STCV17492_____
Case Name: _____Fernando Ochoa Astudillo v. Greyhound Lines, Inc., et al_____

Dear Sir/Madam:

Pursuant to this Court's ORDER OF REMAND issued on _____1/12/2021_____, the above−referenced case is hereby remanded to your jurisdiction.

Attached is a certified copy of the ORDER OF REMAND and a copy of the docket sheet from this Court.

Please acknowledge receipt of the above by signing the enclosed copy of this letter and returning it to the location shown below. Thank you for your cooperation.

United States Courthouse
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

Respectfully,

Clerk, U.S. District Court

By: _/s/ Margo Mead_
Deputy Clerk
margo_mead@cacd.uscourts.gov

*Encls.*
*cc: Counsel of record*

Receipt is acknowledged of the documents described above.

Clerk, Superior Court

By: _____

_____
Date

_____
Deputy Clerk

CV−103 (05/18)    LETTER OF TRANSMITTAL – REMAND TO SUPERIOR COURT (CIVIL)

# **<u>EXHIBIT L</u>**

1  David J. Dow, Bar No. 179407
   ddow@littler.com
2  Shelley L. Murray, Bar No, 327300
   smurray@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA 92101.3577
   Telephone:   619.232.0441
5  Fax No.:       619.232.4302

6

7  Attorneys for Defendant
   GREYHOUND LINES, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10

11 FERNANDO OCHOA ASTUDILLO, an        Case No.  20STCV17492
   individual,
12                                     ASSIGNED FOR ALL PURPOSES TO
                 Plaintiff,            THE HON. DANIEL MURPHY,
13                                     DEPT. 32
         v.
14                                     **DEFENDANT GREYHOUND LINES,**
   GREYHOUND LINES,INC., a Delaware    **INC.'S REQUEST FOR ADMISSIONS TO**
15 corporation; CLAUDIO ARRIOLA, an    **PLAINTIFF FERNANDO OCHOA**
   individual; and DOES 1 through 20,  **ASTUDILLO (SET ONE)**
   inclusive,
16
                 Defendants.
17                                     Complaint Filed:  May 7, 2020

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4837-1433-4422.1 070992.1089                          1.

DEFENDANT GREYHOUND LINES, INC.'S REQUEST FOR ADMISSIONS, SET ONE

222

PROPOUNDING PARTY:         Defendant  GREYHOUND LINES, INC.

RESPONDING PARTY:          Plaintiff  FERNANDO OCHOA ASTUDILLO

SET NO.:                   One (1)

Pursuant to California Code of Civil Procedure section 2033.010 *et seq*., Defendant GREYHOUND LINES, INC. ("Defendant") hereby requests that Plaintiff FERNANDO OCHOA ASTUDILLO ("Plaintiff") provide and serve a verified, written response to this Request for Admission (Set One) within thirty (30) days from the date of service hereof, at the Law Offices of Littler Mendelson, P.C., located at 501 West Broadway, Suite 900, San Diego, CA 92101 (with copies emailed to ddow@littler.com and smurray@littler.com).

## DEFINITIONS

1.     "PLAINTIFF," "YOU," or "YOUR" shall refer to Plaintiff Fernando Ochoa Astudillo.

2.     "DEFENDANTS" or "Defendants" refers to Defendant Greyhound Lines, Inc.

3.     The terms "COMPLAINT," "LAWSUIT," and "ACTION" means the Complaint (and any prior or subsequent versions of YOUR Complaint) filed by YOU in the Superior Court for the State of California, County of Los Angeles, Case No. 20STCV17492.

## REQUEST FOR ADMISSION NO. 1:

Admit that YOU are a citizen of the state of California.

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU are a citizen of the state of California for purposes of 28 U.S.C. § 1332(a)(2).

## REQUEST FOR ADMISSION NO. 3:

Admit that YOU are a citizen of the United States of America.

## REQUEST FOR ADMISSION NO. 4:

Admit that YOU currently reside in the state of California.

## REQUEST FOR ADMISSION NO. 5:

Admit that YOU currently have no plans to permanently relocate outside the state of California.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

4837-1433-4422.1 070992.1089                              2.

DEFENDANT GREYHOUND LINES, INC.'S REQUEST FOR ADMISSIONS, SET ONE

223

1

2

3

Dated:  January 14, 2021

4

David J. Dow

Shelley L. Murray

5

LITTLER MENDELSON, P.C.

Attorneys for Defendant

6

GREYHOUND LINES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

4837-1433-4422.1 070992.1089

3.

# **<u>EXHIBIT M</u>**

Ramin R. Younessi, Esq. (SBN 175020)
Samantha L. Ortiz, Esq. (SBN 312503)
Samvel Setyan, Esq. (SBN 325831)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
FERNANDO OCHOA ASTUDILLO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FERNANDO OCHOA ASTUDILLO, an individual,<br><br>                              Plaintiff,<br><br>        v.<br><br>GREYHOUND LINES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>                              Defendants. | Case No.: 20STCV17492<br><br>*Assigned to the Honorable Judge Daniel S. Murphy, Dept. 32*<br><br>**PLAINTIFF FERNANDO OCHOA ASTUDILLO'S RESPONSES TO REQUEST FOR ADMISSIONS (SET ONE) PROPOUNDED BY DEFENDANT GREYHOUND LINES, INC.**<br><br>Action Filed: May 7, 2020<br>Trial date:     August 10, 2021 |

**PROPOUNDING PARTY:** Defendant, GREYHOUND LINES, INC.

**RESPONDING PARTY:**    PLAINTIFF, FERNANDO OCHOA ASTUDILLO

**SET NUMBER:**           One (1)

Pursuant to the provisions of Code of Civil Procedure section 2033.210, *et seq*., Plaintiff provides the following responses to the Requests for Admission (Set One) propounded by Defendant without prejudice to further discovery. Each of the following responses are rendered and based upon information in the possession of the responding party at the time of preparation of these responses. Discovery will continue as long as permitted by statute or by stipulation of the parties, and the investigation of the responding party's attorneys and agents will continue throughout the trial of this action.

The responding party therefore specifically reserves the right at the time of trial to introduce any evidence from any source whose identity may hereinafter be discovered.

If any information has unintentionally been omitted from these responses, the responding party reserves the right, pursuant to file an amended response.

These responses are accurate as of the date of responding to these requests.  However, the responding party's investigation is continuing and, hence, the responding party cannot exclude the possibility that more complete information may be obtained, or even information that indicates that a response being supplied herein is incorrect.

These introductory comments shall apply to each and every response provided herein, and shall be incorporated by reference as though fully set forth in each of the following responses to these requests.

## **GENERAL OBJECTIONS**

Plaintiff objects generally to each and every one of Defendant's Request on the grounds set forth herein. Each of these objections is hereby incorporated by this reference into each of Plaintiff's separate objections herein.

1.      Plaintiff objects to each and every request to the extent that it seeks information that is neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiff objects to each and every request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product privilege, or any other applicable privilege or protection recognized in case law or conferred by statute. Plaintiff will not disclose protected information in response to these requests for admissions. Nothing in these responses is intended to be, or should be construed as a waiver of the attorney-client privilege or the attorney-work product doctrine.

3.      Plaintiff to each and every request to the extent that is unintelligible, vague, ambiguous, uncertain, overly broad, unduly burdensome, or purports to impose on Plaintiff duties different from or in addition to those imposed by the California Code of Civil Procedure and other applicable law.

4.      Plaintiff objects to each and every request to the extent that it calls for admission of "any" or "all" documents that exist in Plaintiff's possession, custody, or control, or for documents on a given subject in Plaintiff's possession, custody, or control. As a practical matter it is impossible to ever be certain that "all" documents on a given subject have been located and produced. Accordingly, Plaintiff will search the files that appear likely to contain responsive non-privileged documents, and will produce all non-privileged documents from such files that Plaintiff believes are responsive to the request and relevant to the subject matter of the action. Such documents will be produced at the deposition for inspection and copying, at Defendants' expense.

5.      Plaintiff objects to each and every request to the extent that it is interpreted to require greater of further response than that provided in this response on the ground that the request is overbroad, unreasonable, oppressive, and the cost and burden of such further response would substantially outweigh the value of the additional information elicited either as admissible evidence or as leading to admissible evidence.

6.      Plaintiff objects to each and every request to the extent that it seeks confidential and sensitive private information. Plaintiff will not provide sensitive, private, proprietary, or otherwise confidential non-privileged private information without an appropriately framed protective order that maintains the confidentiality of the information, its disclosure and dissemination and limits its use appropriately.

7.      Plaintiff objects to each and every request to the extent that the information it seeks, or any information in addition to that provided in this response, is equally available to the propounding party.

8.      Plaintiff objects to all definitions, instructions and each request for admission to the extent that they call for the admission of materials containing communications or other matters protected by the attorney-client privilege, the attorney-work-product privilege, and/or similar privileges or immunities, and Plaintiff and his counsel hereby assert such privileges and immunities. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney-work-product privilege, or any other applicable privilege or immunity recognized by statute or case law.

-3-

PLAINTIFF FERNANDO OCHOA ASTUDILLO'S RESPONSES TO REQUEST FOR ADMISSIONS (SET ONE)
PROPOUNDED BY DEFENDANT GREYHOUND LINES, INC.

228

9.     Plaintiff objects to each request for admission to the extent they purport to require more than is required under the discovery provisions of the Code of Civil Procedure and would impose upon Plaintiff an unreasonable burden or expense.

**RESPONSES**

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are a citizen of the state of California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. This request seeks information that is not relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and, thus, is outside the scope of permissible discovery.  Subject to and without waiving the foregoing objections and to the extent Plaintiff understands this request, Plaintiff responds as follows.

Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are a citizen of the state of California for purposes of 28 U.S.C. § 1332(a)(2)

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Objection. This request calls for a legal conclusion. This request requires reference to outside materials in order to respond and is, thus, not full and complete in and of itself in violation of Code of Civil Procedure section 2033.060(d).

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are a citizen of the United States of America.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Objection. This request seeks information that is not relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and, thus, is outside the scope of permissible discovery.

1

2    **REQUEST FOR ADMISSION NO. 4:**

3         Admit that YOU currently reside in the state of California.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5         Objection. This request seeks information that is not relevant to any issue in this case nor

6    reasonably calculated to lead to the discovery of admissible evidence and, thus, is outside the scope of

7    permissible discovery.  Subject to and without waiving the foregoing objections and to the extent

8    Plaintiff understands this request, Plaintiff responds as follows.

9         Admit.

10

11   **REQUEST FOR ADMISSION NO. 5:**

12        Admit that YOU currently have no plans to permanently relocate outside the state of

13   California.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

15        Objection. This request seeks information that is not relevant to any issue in this case nor

16   reasonably calculated to lead to the discovery of admissible evidence and, thus, is outside the scope of

17   permissible discovery.

18
     DATED: February 17, 2021                    **LAW OFFICES OF RAMIN R. YOUNESSI**
19                                               **A PROFESSIONAL LAW CORPORATION**

20

21                                               By: _____

22                                               Ramin R. Younessi, Esq.
                                                 Samantha L. Ortiz, Esq.
23                                               Samvel Setyan, Esq.
                                                 Attorneys for Plaintiff
24                                               FERNANDO OCHOA ASTUDILLO

25

26

27

28

PLAINTIFF FERNANDO OCHOA ASTUDILLO'S RESPONSES TO REQUEST FOR ADMISSIONS (SET ONE)
PROPOUNDED BY DEFENDANT GREYHOUND LINES, INC.                                    230

1    **VERIFICATION**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I, the undersigned, declare that I am a party to the above-entitled action. I have reviewed the

4    foregoing **PLAINTIFF FERNANDO OCHOA ASTUDILLO'S RESPONSES TO REQUEST FOR**

5    **ADMISSIONS (SET ONE) PROPOUNDED BY DEFENDANT GREYHOUND LINES, INC.** and

6    know the contents thereof; and the same is true and correct of my own knowledge, except as to the

7    matters which are therein stated upon my information and belief, and as to those matters, I believe them

8    to be true and correct.

9

10    I declare under the penalty of perjury under the laws of the State of California that the foregoing

11    is true and correct.

12

13    Executed in: Los Angeles, California

14
15    *Fernando A. Ochoa*

16    FERNANDO OCHOA ASTUDILLO

17    02/17/2021

     DATE

18

19

20

21

22

23

24

25

26

27

28

Doc ID: 30a1cf14badd25b5ee640be2f1d71f36b806cef9